## MARY A. SMITH *vs.* IDA C. SHAW.

Plymouth.   October 15, 1889. — November 30, 1889.

Present: FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Widow — Dower — Heir — Intervening Estate — Real Action — Statute of Limitations.*

A widow, before her dower has been assigned to her, has no estate in the lands of her deceased husband.

An owner of land died seised thereof, in 1836, leaving as his sole heir a daughter nine years old, and a widow entitled to dower, which was never assigned to her. In 1849 the widow, by warranty deed, conveyed the land to a third person, and died in 1879. The daughter brought a writ of entry in 1889 to recover the land from her mother's grantee, who had been in adverse possession of it since the conveyance to him. *Held,* that there was never any intervening estate within the meaning of the Pub. Sts. c. 196, § 3, cls. 2, 3, after such owner's death and before his daughter was entitled to possession, and that the statute of limitations began to run before the mother's death, and was a bar to the action.

WRIT OF ENTRY, dated March 16, 1889, to recover a parcel of land in Abington. Plea, *nul disseisin.* At the trial in the Superior Court, before *Hammond,* J., the jury returned a verdict for the tenant; and the demandant alleged exceptions, which appear in the opinion.

*W. J. Coughlan,* for the demandant.

*J. F. Simmons,* for the tenant.

FIELD, J.   The demandant is the sole heir of David Gloyd, who died in 1836, seised of the demanded premises, leaving one child, the demandant, who was then nine years of age, and a widow, the mother of the demandant. The widow was entitled to dower in the land, but her dower was never assigned to her, and she conveyed the land in 1849 by warranty deed to one Floyd, from whom by mesne conveyances it has come to the tenant. The widow died in 1879; the tenant and those under whom she claims have been in adverse possession of the land since 1849. The demandant asked the court to rule " that the statute of limitations did not run against the demandant until the death of the mother." The court refused to give this ruling, and ruled " that, as there was no evidence that the dower had ever been set off to the mother, the statute of limitations

ran against the demandant before the death of the mother";
and the demandant excepted.

A widow, before her dower has been assigned to her, has no
estate in the lands of her deceased husband.  *Windham* v. *Port-
land*, 4 Mass. 384, 388.  *Sheafe* v. *O'Neil*, 9 Mass. 13.  *Gooch* v.
*Atkins*, 14 Mass. 378.  *Hildreth* v. *Thompson*, 16 Mass. 191.
*Croade* v. *Ingraham*, 13 Pick. 33.  *McMahon* v. *Gray*, ante, 289.

There was, therefore, after the death of David Gloyd and be-
fore the demandant as his heir was entitled to possession, never
any intervening estate within the meaning of the Pub. Sts.
c. 196, § 3, cls. 2, 3.*                    *Exceptions overruled.*

* Section 3, cls. 2, 3, of this chapter, which is entitled "Of the limita-
tions of real actions and rights of entry," is as follows:

"Second, When he [any person] claims as heir or devisee of one who
died seised, his right shall be deemed to have accrued at the time of such
death, unless there has been a tenancy by the curtesy or other estate inter-
vening after the death of such ancestor or devisor, in which case his right
shall be deemed to have accrued when such intermediate estate expired, or
when it would have expired by its own limitation.

"Third, When there has been such an intermediate estate, and in all
other cases when the party claims by force of a remainder or reversion, his
right, so far as it is affected by the limitation herein prescribed, shall be
deemed to have accrued when the intermediate or precedent estate would
have expired by its own limitation, notwithstanding any forfeiture thereof
for which he might have entered at an earlier time."