**CENTERVILLE (Village), Plaintiff-Appellee, v. SCHLAFMAN et, Defendants-Appellants.**

Ohio Appeals, Second District, Montgomery County.

No. 2289.   Decided May 9, 1956

James T. Lynn, Jr., Dayton, Solicitor for the Village of Centerville, for plaintiff-appellee.

Merritt E. Schlafman, of Schlafman & Elliott, Fairborn, for defendants-appellants.

(CONN and DEEDS, JJ, of the Sixth District, sitting by designation in the Second District.)

**OPINION**

By DEEDS, J.

This is an appeal on questions of law and fact from a judgment of the Court of Common Pleas of Montgomery County in which a permanent injunction was granted against defendants-appellants from ob-

structing the use by the Village appellee of a certain right-of-way consisting of a road over the farm property of the appellants.

The cause is before this Court and has been submitted for review following oral argument of counsel, briefs and a stipulation by counsel representing the parties respectively as follows:

"1. To adopt and use all the pleadings and original papers heretofore filed in this cause in the Common Pleas Court of Montgomery County, Ohio, as the pleadings to be used in this cause before this court; including the written opinion rendered by the trial court.

"2. To adopt and use as the evidence in this cause all the testimony and exhibits admitted as evidence on the trial of this cause in the Common Pleas Court of Montgomery County, Ohio.

"3. Evidence, testimony, and exhibits excluded by the lower court on motion at any stage of the proceedings shall be considered as proffered in this court.

"4. This court shall pass upon the relevancy and materiality of all evidence admitted over objection in the lower court."

In the transcript of the record of the testimony introduced on the trial in the Court of Common Pleas a stipulation appears in reference to the acquisition by the plaintiff-appellee of certain property involved in this action by deed of conveyance and lease as follows:

"MR. JEFFREY: It is stipulated by and between counsel for the plaintiff and the defendants that the plaintiff is a duly incorporated Village under the laws of the State of Ohio, and is located in Montgomery County, Ohio.

"It is stipulated, further, that the Village of Centerville by-laws recorded in Volume 33, page 479 of the lease records of Montgomery County, Ohio, acquired the right to use and take for purposes hereinafter described, all or any part of the water in, and under, certain real estate.

"It is agreed that the description of said real estate shall be furnished and made a part of this record by copy of said lease.

"It is further stipulated that the plaintiff, the Village of Centerville, acquired the fee estate title by deed recorded in Volume 834, page 58 of the Deed Records of Montgomery County, Ohio, to a certain tract of land, the description of which will be furnished to the Court by copy of said deed, and that this deed was dated November 19, 1937, and was filed for record on December 13, 1937, and runs from Wendell W. Lawson to The Village of Centerville, its successors and assigns.

"It is further stipulated that the deed contains the following language;

" 'Subject to the right-of-way of a 33 foot road adjoining and parallel to the East line of said tract.' "

The facts pertinent to a determination of this appeal are that the defendants-appellants, hereinafter referred to as defendant, are the owners of certain farm land, consisting of approximately 75 acres situated near the Village of Centerville, Montgomery County, which property defendants acquired by deed executed by Elgar Weaver and Elizabeth Z. Weaver, his wife, subject to a certain lease and conveyance by deed referred to in the last stipulation as quoted herein above.

It is undisputed, therefore, that by the terms of a 99-year lease, renewable forever, the Village appellee acquired control and ownership rights and the authority to pump water from a portion of the farm land of the defendants, consisting of a stone quarry comprising approximately 24 acres of the original acreage of the defendants, and being situated in the northerly portion of and being a part of the 75-acre tract referred to above.

It is also undisputed that the appellee Village of Centerville, by duly executed deed, acquired title to .37 acre from the predecessors in title of the defendants, and that said fraction of an acre is occupied by a pumping station located adjacent to the said quarry and that the said pumping station is owned and operated by the appellee Village for the purpose of pumping water from such quarry for use by the residents of the village, and also a part of the adjacent community.

It appears further from the evidence that the pumping station being owned and operated by the Village is located and situate at a place about 1100 feet distant, in a northerly direction, from a public highway known as Centerville Station Road, which highway extends in an easterly and westerly direction adjacent to and upon which the farm acreage owned by the defendant and involved in this action borders at its southerly side or limits.

It is undisputed further that for about 40 years prior to 1932, when it discontinued operation, a stone quarry was operated in that part of the property involved, consisting of 24 acres thereof and that in connection with the operation of said quarry, a number of families lived in houses located upon said property occupied by such quarry and other facilities, including a blacksmith shop, were also maintained, all of which operations made necessary a great amount of hauling and travel by vehicles from the said quarry to and between same and the public highway referred to and known as Centerville Station Road.

The record contains testimony by a number of witnesses and therefore substantial evidence of a trustworthy character, clear and of preponderating weight, that a road way and place of travel or right of way extending from the quarry and the facilities connected with same, including the parcel of land and pumping station owned by the appellee Village, had been used openly, extensively and continuously over and upon the land of the defendants, to said Centerville Station Road, for a period of more than 30 years.

It is the contention of counsel for the Village that a right of way by prescription has been established by clear and uncontradicted testimony and evidence; also that there was an implied grant of the right of way consisting and comprising a parcel or part of the defendants' land, 33 feet in width at and including the east line of defendants' tract and extending from the pumping station and parcel of land consisting of .37 acre to the Centerville Station Road or highway.

It is conceded by the defendants that the Village is unquestionably entitled to a means of egress and ingress to and from the public highway and its pumping station, but they insist that it is by necessity only that the Village is entitled to such right of way and that therefore the

defendants are justified and wholly within the law in barricading, blocking and obstructing the use by the Village of the easterly 33 feet of defendants' land as a road and right of way, and admittedly the defendants have heretofore barricaded the Village from the use of the said 33 feet as a right-of-way.

We have reached the conclusion, after a careful consideration of the testimony and evidence contained in the record now before us, and hold that the Village has established a clear right to the use of 33 feet of the easterly part of defendants' land extending from and adjacent to the parcel of land and pumping station to the public highway known as Centerville Station Road, both by reason of prescriptive right, established clearly by the evidence, and also by virtue of grant to be implied from the conditions and circumstances shown to exist and the inferences which we consider we are required to make on account of those clearly proven conditions referred to herein.

We are impressed that a pertinent statement applicable to the record before us appears in the opinion of the Court in **Freiden v. Western Bank & Trust Co., 72 Oh Ap** at pp. **475** and **476**, as follows:

"For many years and in many cases Ohio has held to the doctrine that where an owner of land makes an apparent, permanent, and necessary use of one part of his land in favor of another part, and transfers either or both parts, the grant or reservation of an easement to continue such existing use will be implied.

"In **National Exchange Bank v. Cunningham, 46 Oh St 575,** at **page 587,** 22 N. E., 924, it is stated:

" 'It is a well settled doctrine of the law of easements, that where there are no restrictive words in the grant, the conveyance of the land, will pass to the grantee, all those apparent and continuous easements which have been used, and are at the time of the grant used by the owner of the entirety for the benefit of the parcel granted; and also, all that appear to belong to it, as between it, and the property which the vendor retains; * * *.'

*       *       *       *       *

"In **15 O. Jur., 42,** it is stated:

" 'Even though the use is not apparent, and there is no notice thereof whatsoever, it has been suggested that an easement may be implied if the use is strictly necessary and the common owner has intended the use to become an easement appurtenant to the property benefited thereby.' Citing, Keyler v. Eustis, 13 N. P., (N. S.) 601, 24 O. S. (N. P.), 555.

"The requisites for applying the doctrine of implied easements have been set forth by the Supreme Court of Ohio in **Ciski v. Wentworth, 122 Oh St 487,** 172 N. E., 276. The first paragraph of the syllabus is:

" 'While implied grants of easements are not favored, being in derogation of the rule that written instruments shall speak for themselves, the same may arise when the following elements appear: (1) A severance of the unity of ownership in an estate; (2) that before the separation takes place, the use which gives rise to the easement shall have been so long continued and obvious or manifest as to show that it was meant to be permanent; (3) that the easement shall be reasonably necessary to the beneficial enjoyment of the land granted or retained;

(4) that the servitude shall be continuous as distinguished from a temporary or occasional use only.' "

Also we call attention to the case of **Benninghoff v. Skinner, 63 Oh Ap 184,** and quote an applicable statement by the Court in the opinion which is supported by the citation of persuasive authority, at p. 191:

"'* * *. It is apparent that if a public road or street should be established by proper public authority, plaintiffs and the defendant are required to dedicate for public highway purposes a strip of land at least forty feet in width in accordance with the provision in their respective deeds; but until such public highway is established, it is the finding and decree of this court that the plaintiffs have a right of way or easement appurtenant to their respective lands over the forty-foot strip for ingress and egress to their respective properties; and that neither the plaintiffs nor the defendant, nor their successors in title, have any right to obstruct the free use of this strip for the purposes mentioned.

"For our authority we cite the following: **National Exchange Bank v. Cunningham, 46 Oh St 575, 587,** 22 N. E., 924; **Baker v. Rice, 56 Oh St 463,** 47 N. E., 653; **Frate v. Rimenik, 115 Oh St 11,** 152 N. E., 14; **Ciski v. Wentworth, 122 Oh St 487,** 172 N. E., 276; **15 O. Jur., 46, 49, Section 34;** 17 American Jurisprudence, page 944, Sections 32, 33, 34, 41, 128, 130, 131, under the title 'Easements.'

"As particularly applicable to the facts shown by the evidence in this case we quote the second paragraph of the syllabus of the case of Frate v. Rimenik, supra:

" '2. Easements and servitudes created by a common owner of lands, which are plainly visible and from the character of which it may be fairly presumed that he intended their preservation as necessary to the proper, convenient, and reasonable enjoyment of the property, become, when the lands are divided and pass into other hands, permanent appurtenances thereto, and neither the owner of the dominant or of the servient portions of the land has power to adversely interfere with their proper use and enjoyment.' "

We also deem it appropriate to quote further from the opinion of the Supreme Court in the case of Frate v. Rimenik, et al, supra, relative to the question concerning the circumstances and conditions which are required to be established and from which an inference of implied grant is justified, **pp. 22, 23, 24, 115 Oh St:**

"The Court of Appeals took the view that under such circumstances the driveway was an appurtenance to each of the properties, for the equal benefit of both parties, for Fazio and for Rimenik and Mendluwitz, as well. The case falls within the principle announced in **National Exchange Bank v. Cunningham, 46 Oh St 575,** 22 N. E., 924, the judge saying in the opinion, at **page 587** (22 N. E., 929):

" 'It is a well-settled doctrine of the law of easements that, where there are no restrictive words in the grant, the conveyance of the land will pass to the grantee all those apparent and continuous easements which have been used, and are at the time of the grant used by the owner of the entirety for the benefit of the parcel granted, and also all that appear to belong to it, as between it and the property which the

vendor retains; and hence, when the owner of an entire estate makes one part of it visibly dependent for the means of access upon another, and creates a way for its benefit over the other, and then grants the dependent part, the other part becomes subservient thereto, and the way constitutes an easement appurtenant to the estate granted, and passes to the grantee, as accessorial to the beneficial use and enjoyment of the land.'

"Also in **Baker v. Rice, 56 Oh St 463,** the court saying, at page 475, 47 N. E., 635, 655: 'We think the law well settled in this state, whatever the decisions may be in some of the others, and they are far from being in harmony, that, where an estate is divided as was this one, each takes his part, subject to or benefited by such burdens as were openly and plainly attached to or imposed on it by the common owner in his use and enjoyment of the land at the time of the severance, and which on a severance would properly be termed easements or servitudes.'

"It was held in Scott v. Moore, 98 Va., 668, 37 S. E., 342, 81 Am. St. Rep., 749: 'If the owner of two adjacent lots sells both lots at the same time to different purchasers, each grant carries all the apparent and continuous easements which are necessary for the reasonable use of the property granted, and which have been or are at the time of the grant used by the grantor for the benefit of such property. * * * A purchaser is presumed to have contracted with reference to the condition of the property at the time of the purchase. If the condition of the premises shows plainly and unmistakably that an alley-way over the premises purchased has been used, was in use, and was intended for the use of the owner or occupant of an adjacent lot, the purchaser will take, subject to the rights of the adjacent owner or occupant.'

"See, also, 9 Ruling Case Law, Section 60, p. 804; 8 Ruling Case Law, Section 125, p. 1070; 1 Thompson on Real Property, p. 379, Section 297."

We deem it unnecessary to extend this opinion further in an analysis and interpretation of the decisions and announcements of the courts with regard to the law applicable and controlling in a consideration of the evidence in the record now before us relevant to the issue of a right by prescription, but are persuaded that the principles determinative of this appeal respecting that question are stated clearly in cases decided by the Supreme and Appellate Courts in this State: **Pavey v. Vance, 56 Oh St 162; Sting v. Rothacker, 82 Oh Ap 107; Glander v. Mendenhall, 39 Abs 104; Campbell v. Anderson, 125 Oh St 241;** 1 O. Jur. 2nd, Sec. 124, et seq.

We determine, therefore, that the Village of Centerville is entitled to a permanent injunction enjoining and restraining the defendants from barricading or obstructing the right of way consisting of the parcel of land 33 feet in width of the easterly limits of the land of the defendants and extending from the pumping station and the .37 acre of land as described and owned by the Village appellee and the public highway known as Centerville Station Road.

Permanent injunction ordered, and cause remanded for costs.

HORNBECK, PJ, CONN, J, concur.