### KAMM v. BYGRAVE.

1. EASEMENTS—WAY OF NECESSITY—PARTIAL GRANT OF DOMINANT ESTATE.

An owner of an entire estate which is served visibly by an open way for vehicles as a way of necessity to and from the public street who conveys a portion of the property so served by instruments reciting that it was subject to all easements of record, and now used and "together with all and singular hereditaments and appurtenances thereunto belonging or in anywise appertaining" conveys an easement that is not discontinuous and revocable solely by the grantor.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 17A Am Jur, Easements § 154.
[3] 16 Am Jur, Deeds § 406.
[4] 17A Am Jur, Easements § 152 et seq.

2. SAME—GRANT—WAY OF NECESSITY.

Vendor of central 79.5' of 413.6' building of which the vendor owned westerly half and all of which was served by driveways on west and south as a necessary means of access to and from public street for a building at the rear of the building on land purchased *held*, not entitled to discontinue the use of such easements, where instruments of conveyance referred to "easements of record and as now used" and "appurtenances" and for 10 years thereafter plaintiff purchasers and their tenants had unmolested use of such driveways.

3. DEEDS—CONSTRUCTION—RESTRICTIONS.

The purchaser of 1 of 2 tenements owned by the seller takes the portion sold with all the benefits and burdens which appear at the time of the sale to belong to it as between it and the property which the vendor retains, as every grant of a thing naturally imports a grant of it as it actually exists, in the absence of restrictive words.

4. EASEMENTS—GRANT OF PART—WAY OF ACCESS AS AN APPURTENANCE.

An owner of an entire estate, one part of which is visibly dependent for the means of access upon another, and who grants the dependent part, causes the other part to be subservient thereto and the way involved constitutes an easement appurtenant to the estate granted, and passes to grantee as accessorial to the beneficial use and enjoyment of the granted premises.

Appeal from Ingham; Coash (Louis E.), J. Submitted April 10, 1959. (Docket No. 38, Calendar No. 47,499.) Decided June 5, 1959.

Bill by Henry J. Kamm and his tenants Liquid Glaze, Inc., and Lustre Products, both Michigan corporations, against Gordon S. Bygrave and Clara R. Bygrave and others to establish easement for driveway purposes and enforce rights therein. Decree for plaintiffs establishing easement in name of plaintiff Kamm. Defendants appeal. Affirmed.

*James R. B. Hovey* for plaintiff Kamm.

*John H. Eliasohn,* for plaintiff tenants.

*Hubbard, Fox, Thomas & Born,* for defendants.

BLACK, J.  This is another case where the owner
of an entire estate, which entire estate at the time
of partial grant is served visibly and needfully by,
an open way of vehicular ingress and egress to and
from a public street, grants a portion of his property
and, after some years of common and agreeable use
of the way by grantor and grantee alike, seeks to
terminate the grantee's use thereof on assigned
ground that the latter's rights were and are discon-
tinuous and revocable.  The chancellor held on the
record before him that these grantors were not en-
titled to so terminate.  The issue is here, following
entry of decree and appeal therefrom.

The chancellor recorded the essential facts in an
opinion which, comparing it with the record, discloses
that considerable care was employed in the assembly
thereof.  Accordingly, there being little dispute with
respect to the chancellor's findings of fact distin-
guished from his legal conclusions, we adopt so much
of such findings (and conclusions also) as appear
below:

"In the 700 block of Sheridan street in the city of
Lansing, there is a cement block building about 413.6
feet in length.  Various parts of the building are
owned by several individuals.  Prior to January 18,
1946, the defendants were the owners of the west half
of the total building.  On January 18, 1946, the de-
fendants entered into a land contract with plaintiff,
Henry J. Kamm, for the sale of 79.5 feet of the build-
ing.  This 79.5 feet of the building is located about
in the center of the total building. At the rear of the
building facing on Sheridan street there is another

building also purchased by Kamm and is occupied by plaintiff, Liquid Glaze, Inc. This building is separated from the front building by an alley approximately 15 feet in width, and is not connected in any way to the front building.

"The portion of the main building located immediately west of the part purchased by Kamm is owned by the defendants and immediately west of that portion of the building is a driveway, which connects with an open space or driveway at the rear of the west building and that portion of the buildings owned by Kamm. In the eastern part of the main building there is a covered driveway, but the height of this drive is not sufficient to allow large trucks to pass through. The east part of the building where the covered driveway is located was not owned by the defendants. At the time of the sale to Kamm, and for some time prior thereto, motor trucks making deliveries to the rear building had to use the west driveway. They continued to use this driveway until shortly before this suit was started on January 10, 1956. Around January 1, 1956, the defendants ordered the plaintiffs to cease using the driveways.

"The land contract between the defendants and Kamm contained, among other items, the following: 'subject to all easements of record, and as now used.'

"The deed between the parties dated June 3, 1946, contained the same language above quoted, and also the following language in part: 'together with all and singular hereditaments and appurtenances thereunto belonging or in anywise appertaining.'

"It is the claim of the plaintiffs that they have an easement over the west and south driveways because of the language in the land contract and deed and also by way of necessity. The Motor Wheel Corporation has an easement over part of the south of the land owned by Kamm, which is a matter of record, and it is the claim of the defendants that this was the easement referred to by the language of the contract and deed: 'subject to all easements of record and as now used,' whereas, it is the claim of the

plaintiffs that the language 'as now used' refers to the driveways.

"As previously stated herein the frontage of the total building on Sheridan street is 413.6 feet and the part purchased by plaintiff Kamm is 79.5 feet in width, and is almost in the center of the total building, and anyone who was not familiar with the ownership of the various parts of the building could not tell by looking at the whole building what part is owned by plaintiff. If plaintiff Kamm was to establish his own driveway to the rear building it would be necessary for him to tear down a large portion of the north building he purchased.

"This court is of the opinion that the plaintiff and his tenants have an easement over the west and south driveways owned by defendants. This easement is by way of necessity, and also by the language in the contract and deed. When the contract for the sale of the building was entered into on January 18, 1946, and when the deed was signed on June 3, 1946, defendant Gordon S. Bygrave was operating his own business in the building on Sheridan street, which was purchased by Henry J. Kamm, and the Liquid Glaze Corporation was occupying the rear building as a tenant of the defendants. The defendants knew at that time that their tenant, the Liquid Glaze Corporation, did not receive shipments and make deliveries through that part of the building occupied by defendant, Gordon S. Bygrave. They had knowledge that the parties occupying the rear building had to use the driveways in question in order to carry on their business. The use of the driveways in question by the plaintiffs is not a way of convenience, but is an absolute necessity. This court does not believe it is the law of Michigan that when a person sells property as in this case, and the purchaser is unable to reach part of the property except over the lands of the grantor that the grantor can then require grantee to tear down part of the building he has purchased in order to establish a driveway to a rear building in order to use the same, when

the grantor had absolute knowledge that it would be necessary for the grantee and his tenants to use the driveway of the grantor in order to use the rear building. In the case of *Bean* v. *Bean,* 163 Mich 379, the Court stated as follows:

"'When the owner of an entire estate makes one part of it visibly dependent for the means of access upon another, and creates a way for its benefit over the other, and then grants the dependent part, the other part becomes subservient thereto, and the way constitutes an easement appurtenant to the estate granted, and passes to the grantee as accessorial to the beneficial use and enjoyment of the granted premises. *National Exchange Bank* v. *Cunningham,* 46 Ohio St 575 (22 NE 924).'

"In the case of *Burling* v. *Leiter,* 272 Mich 448 (100 ALR 1312), in the minority opinion, the case of *Bean* v. *Bean, supra,* is quoted with approval. In the majority opinion in that case the Court held that the owner of land cannot build buildings on his land so that it is necessary to go upon the lands of another person in order to reach the rear of his premises. That is not the situation in the instant case. The buildings across the front of plaintiff's property were sold to him by the defendants and the defendants had knowledge that it was necessary to use the driveways in order to reach the premises at the rear.

"In the contract and deed the words 'and as now used' did not specifically refer to the driveways but 'this court is of the opinion that these words did refer to the driveways because the easement of Motor Wheel Corporation was specifically referred to, that being an easement of record, and the only other possible easement could be that of the use of the driveways. The rear building was rented to tenants of the defendants and [they?] knew that the driveways were being used by their tenants, and they also knew that the building was not usable unless the driveways were used for the making of deliveries and shipments by their tenants."

The chancellor was impressed that the plaintiff grantee and those claiming under him were permitted, for a continuous period of 10 years next following execution and delivery of the contract, to use the way—along with the defendant grantors—according to the understanding a layman might reasonably reach with respect to the quoted words of the land contract and deed, and that a decade of such unitary conduct and agreeable attitude should make such understanding legally good according to the view and maxims of equity. We are likewise impressed.

This case presents a feature of the law of property which is worthy of emphasis, and we find ourselves indebted to the chancellor for having brought it forcefully to our attention. In his opinion as delivered the chancellor quotes *Bean* v. *Bean,* 163 Mich 379, to such point of emphasis. The quotation, and the rule it portrays, applies with special fitness to cases of present nature. In our reports it appeared first in *Smith* v. *Dresselhouse,* 152 Mich 451, 454.* Aside from the separate question whether the disputed way is in fact one of necessity as claimed by plaintiffs, we think it—the rule to which we allude—is decisive of the case at bar. It appears in *Smith* v. *Dresselhouse* as follows:

"It is a general rule of the law of easements that where the owner of 2 tenements sells 1 of them, the purchaser takes the portion sold with all the benefits and burdens which appear at the time of the sale to belong to it as between it and the property which the vendor retains. *Seymour* v. *Lewis,* 13 NJ Ch 439 (78 Am Dec 108). Every grant of a thing naturally imports a grant of it as it actually exists.

---

* Mr. Justice NELSON SHARPE, dissenting in *Burling* v. *Leiter,* 272 Mich 448, 464 (100 ALR 1312), quoted and relied on the rule of *Smith,* yet the majority at the time apparently overlooked it in a case which, on the facts, seemingly called for definite approval or repudiation thereof.

*United States* v. *Appleton,* 1 Sumn (US Cir) 492, 502."

Later, in the *Bean Case,* the rule was formally adopted from *National Exchange Bank* v. *Cunningham,* 46 Ohio St 575 (22 NE 924). The complete adopted quotation, taken from the cited Ohio case, is as follows (p 587) :

"The parties are presumed to have contracted with reference to the condition of the property at the time of the sale, and to have intended that the grantee should have the means of using the property granted, and, therefore, that he should have such rights and privileges in, or over, the premises remaining in the grantor as might be requisite for that purpose.

"It is a well-settled doctrine of the law of easements that where there are no restrictive words in the grant the conveyance of the land will pass to the grantee, all those apparent and continuous easements which have been used, and are at the time of the grant used by the owner of the entirety for the benefit of the parcel granted; and also, all that appear to belong to it, as between it, and the property which the vendor retains; and, hence, when the owner of an entire estate, makes one part of it visibly dependent for the means of access, upon another, and creates a way for its benefit over the other, and then grants the dependent part, the other part becomes subservient thereto, and the way constitutes an easement appurtenant to the estate granted, and passes to the grantee, as accessorial to the beneficial use and enjoyment of the land."

Affirmed.   Costs to plaintiffs.

DETHMERS, C. J., and KELLY, SMITH, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.

CARR, J., did not sit.