RANNELS *v.* MARX.

1. EASEMENTS—IMPLIED GRANT OR RESERVATION.

An apparently permanent and obvious servitude imposed upon one part of an estate in favor of another by the common owner, which is in use at the time of severance, raises an easement by implied grant or reservation of the right to continue such use.

2. VENDOR AND PURCHASER—PRESUMPTIONS—PRESENT CONDITION OF PROPERTY.

Parties purchasing real estate are presumed to have contracted with reference to the condition of the property at the time of the sale and to have intended that the grantee should have the means of using the property granted with such rights and privileges in, or over, the premises remaining in the grantor as might be requisite for that purpose.

3. EASEMENTS—COMMON OWNER—WAY OF ACCESS.

The common owner of an entire estate who makes one part of it visibly dependent for means of access, upon another, and creates a way for its benefit over the other, and then grants the dependent part, causes the other part to become subservient thereto, and the way constitutes an easement appurtenant to the estate granted, and passes to the grantee, as accessorial to the beneficial use and enjoyment of the land.

4. SAME—JOINT DRIVEWAY—INJUNCTION.

Trial court's finding that joint driveway between plaintiff's and defendants' property and their garages were so located that access from any other direction was impractical when they went into possession *held*, justified and decisive, entitling plaintiff to injunction against defendants' interference with such driveway located in part on each lot.

REFERENCES FOR POINTS IN HEADNOTES
[1] 17A Am Jur, Easements §§ 41, 45.
[3] 17A Am Jur, Easements §§ 9, 149.
[4] 17A Am Jur, Easements § 128.
[5] 17A Am Jur, Easements §§ 13, 41.

5. SAME—COMMON OWNER—IMPLIED OR QUASI-EASEMENT—INTENT.
    The previous use of property in possession of the common grantor
      which is visible and apparent even to a casual observer and
      which is continuous and necessary to convenient use of the
      property constitutes a so-called quasi-easement, an easement
      by implication being raised because of the obvious intention
      of the parties.

Appeal from Jackson; Simpson (John), J. Submitted April 16, 1959. (Docket No. 66, Calendar No. 47,908.)   Decided October 13, 1959.

Bill by Abbie F. Rannels against Joseph W. Marx and Ruth Marx to confirm and establish driveway rights and enjoin interference therewith. Decree for plaintiff. Defendants appeal. Affirmed.

*Dudley & Rogers* and *C. Edwin Carraher,* for plaintiff.

*Norman E. Leslie* and *Kleinstiver & Anderson,* for defendants.

EDWARDS, J. This is a dispute about a joint driveway along the property line of adjoining neighbors. Defendants below, Mr. and Mrs. Marx, appeal from a decree in favor of plaintiff-appellee, Mrs. Rannels, entered in Jackson county circuit court. The decree provided a permanent driveway easement for Mrs. Rannels over 3 1/2 feet of the lot owned by Mr. and Mrs. Marx. It also prohibited any interference with Mrs. Rannels' use of the joint driveway.

In 1924 the 2 lots, 2 houses and 2 garages, now owned by the separate disputing parties, were owned by one party, a George Morehouse. He had built a drive between the 2 houses and along the platted lot line. The garages were so built that access from any other direction was impractical.

The original purchasers from Morehouse in 1924, Miller and Duffy, testified at the hearing. Both Miller and Duffy testified as to the existence of the joint driveway at the time of their purchase from the common grantor. Both also testified that Morehouse, the common grantor, had pointed out the joint driveway to them at the time of their purchase.

Miller and Duffy graveled the joint driveway. They and their tenants used it jointly until 1937 when Duffy sold to Mrs. Rannels. Mrs. Rannels continued to make use of the joint driveway while Miller and his successor in title, Walker, owned the adjoining lot and house. From 1949 to 1955, Mrs. Rannels' use of the driveway was sporadic since she didn't have an automobile of her own. But there is testimony of continued use of it by her visitors, and by coal and other trucks making deliveries to her.

In 1952 Walker sold to Mr. and Mrs. Marx. At the hearing Walker testified that he told Mr. Marx at the time that there was a joint driveway.

When Mr. and Mrs. Marx purchased, the driveway was gravel and stone. Mr. Marx put in a cement driveway—partly on Mrs. Rannels' lot. At the time, she offered to pay half but he declined the offer.

Some mutual use continued until 1955 when Mrs. Rannels rented her garage to a tenant who started to use the joint driveway. At this point appellants had a survey made to locate the property line, moved the steps and front door of their house so that the driveway could be expanded on their side, and put in a curb roughly on the property line to keep Mrs. Rannels and her tenants from using the former joint driveway.

It is undisputed that no written easement is included at any point in the deeds which constitute the chain of title. But both present parties hold by deeds which recite the description, "together with all

and singular the hereditaments and appurtenances thereunto belonging or in anywise appertaining."

Mrs. Rannels brought this action immediately following the installation of the curb referred to above. After a full hearing, the chancellor held that Mrs. Rannels had established her right to use of the joint driveway. He based his decree upon the doctrine of implied easements.

The creation of an easement by implication is described thus by the leading case of *Rischall* v. *Bauchmann*, 132 Conn 637, 642, 643 (46 A2d 898, 165 ALR 559):

> " 'Where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another, which at the time of the severance is in use, and is reasonably necessary for the fair enjoyment of the other, then, upon a severance of such ownership, whether by voluntary alienation or by judicial proceedings, there arises by implication of law a grant or reservation of the right to continue such use. In such case, the law implies that with the grant of the one an easement is also granted or reserved, as the case may be, in the other, subjecting it to the burden of all such visible uses and incidents as are reasonably necessary to the enjoyment of the dominant heritage, in substantially the same condition in which it appeared and was used when the grant was made. *John Hancock Mutual Life Insurance Co.* v. *Patterson*, 103 Ind 582, 586 (2 NE 188, 53 Am Rep 550).' *Slachter* v. *Olderman*, 116 Conn 156, 158 (164 A 202); 1 Thompson Real Property (Perm ed), § 337 and cases cited."

We recently dealt with the doctrine of implied easements and reiterated this long-standing rule in Michigan:

"The parties are presumed to have contracted with reference to the condition of the property at the

time of the sale, and to have intended that the grantee should have the means of using the property granted, and, therefore, that he should have such rights and privileges in, or over, the premises remaining in the grantor as might be requisite for that purpose.

"It is a well-settled doctrine of the law of easements that where there are no restrictive words in the grant the conveyance of the land will pass to the grantee, all those apparent and continuous easements which have been used, and are at the time of the grant used by the owner of the entirety for the benefit of the parcel granted; and also, all that appear to belong to it, as between it, and the property which the vendor retains; and, hence, when the owner of an entire estate, makes one part of it visibly dependent for the means of access, upon another, and creates a way for its benefit over the other, and then grants the dependent part, the other part becomes subservient thereto, and the way constitutes an easement appurtenant to the estate granted, and passes to the grantee, as accessorial to the beneficial use and enjoyment of the land." *Kamm* v. *Bygrave,* 356 Mich 189, 196.

See, also, *Smith* v. *Dresselhouse,* 152 Mich 451; *Bean* v. *Bean,* 163 Mich 379; 41 ALR 1442; 155 ALR 543; 165 ALR 567; 17A Am Jur, Easements, § 41 *et seq.*

We appreciate, of course, that appellants in this case dispute the basic assumption upon which the legal propositions above are postulated—namely, that there was a visible and obvious easement necessary to reasonable enjoyment of the property existing at the time of conveyance from a common grantor. The chancellor who heard the testimony said in his opinion:

"In 1924 or 1925 George Morehouse entered into land contracts to sell lot 23 to Ralph Duffy and lot 22 to George Miller. The driveways and the garages

were located as shown in plaintiff's exhibit 1 when they went into possession."

Our review of the evidence convinces us that he was justified in this finding and that it is decisive.

This is an instance where previous use in possession of the common grantor was visible, apparent even to a casual observer, continuous, and necessary to convenient use of the property. *Federal Savings & Loan Insurance Corp.* v. *Urschel,* 159 Kan 674 (157 P2d 805). Such a use prior to division of the property has been referred to as a quasi-easement. At time of sale of the property without reference to the quasi-easement, an easement is held to exist by implication because of the obvious intention of the parties. 3 Tiffany, Real Property (3d ed), § 781; 1 Thompson on Real Property (Perm ed), § 392 *et seq.*; 5 Restatement, Property (Servitudes), §§ 474–476.

This case hinges on rights acquired from a common grantor where the quasi-easement existed before the grants. It is to be distinguished from the cases where 2 neighbors agree orally to mutual use of a joint driveway. This Court has held that such an arrangement, being permissive and not adverse, does not ripen into an easement by prescription but creates a revocable license only. *Wilkinson* v. *Hutzel,* 142 Mich 674. The *Wilkinson Case* is not in point on our present facts; nor is it before us for review.

The cases principally relied on by appellants are not, however, as readily distinguished. *Worden* v. *Assiff,* 317 Mich 436; *Wasilewski* v. *Kowal,* 320 Mich 473; *Banach* v. *Lawera,* 330 Mich 436. In these this Court considered joint driveway situations where the use originated with a common grantor. The easement claims were apparently argued on the ground of easement by prescription through adverse

use. This Court denied the easements by finding the use permissive. We do not think these cases can be regarded as considered rejection of the doctrine of implied easements adopted by the chancellor below in the present proceeding. And careful review convinces us that the weight of authority requires our affirmance.

Affirmed. Costs to appellee.

DETHMERS, C. J., and KELLY, SMITH, BLACK, VOELKER, and KAVANAGH, JJ., concurred with EDWARDS, J.

CARR, J., concurred in result.