HARRISON *v.* HEALD.

1. EASEMENTS—IMPLIED RESERVATION.

An apparently permanent and obvious servitude imposed upon one part of an estate in favor of another during unity of title, which is in use at the time of severance and is reasonably necessary for the fair enjoyment of the other, raises an implied reservation of an easement to continue such use, subjecting the servient estate to the burden of all such visible uses and incidents as are reasonably necessary to the enjoyment of the dominant heritage in substantially the same condition in which it appeared and was used when the grant was made.

REFERENCES FOR POINTS IN HEADNOTES

[1] 17A Am Jur, Easements § 45.
[2] 17A Am Jur, Easements § 45.
Roadway or pathway used at time of severance of tract as visible or apparent easement. 34 ALR 233; 100 ALR 1321; 164 ALR 1001.

2. SAME—RESTORATION—DAMAGES.

    Construction of 2-foot-wide sidewalk by owner of property at time when she erected new house alongside of old one and which walk was necessary to the reasonable enjoyment of the new house, in view of the manner of its construction, *held*, to have created an implied reservation of such easement upon severance of the 2 tracts, since it was a visible use of the premises and entitled successor in interest of the dominant estate either to a restoration of the walk and use of the easement or an award of damages compensating successor for loss of the easement and trespass.

Appeal from Washtenaw; Robinson (Thomas N.), J., presiding. Submitted January 6, 1960. (Docket No. 21, Calendar No. 47,988.) Decided June 7, 1960.

Bill by Irene Harrison against Alvah H. Heald, Mary B. Heald, and others to establish driveway easement and to secure restoration thereof or, in the alternative, damages for destruction thereof. Bill dismissed. Reversed and remanded for determination of most equitable remedy.

*Jack J. Garris, Bernard W. Butler,* and *James R. Hanson,* for plaintiff.

*James A. Crippen,* for defendants.

DETHMERS, C. J. Presented is a question of easement by implied reservation of the right to use a 2-foot-wide sidewalk alongside plaintiff's house.

In 1910 a Mrs. Kapp owned a parcel of city residential property. She occupied what is referred to as the old house on the west side of the parcel. In that year she built a new house, now owned by plaintiff, on the east side of the parcel and caused the above mentioned sidewalk to be laid between the 2 houses, 1 foot from the side of the new house. It was the only outdoor means of access to the new house's coal chute, its side door leading to a stairway by which

one could go either down to the basement or up to the kitchen, and its steps to the small back porch on which the back door opened.

When the new house and sidewalk were completed Mrs. Kapp moved into the new house and rented the old one to tenants. In 1912 she conveyed the property on which the old house stood to her son and daughter-in-law. The property was described in the deed of conveyance as the west 36 feet of the parcel. As it turned out, years later at the time this controversy commenced, that description included the land on which the sidewalk was located, and even a portion of the eaves of the new house overhung the line thus created between the 2 portions of Mrs. Kapp's original parcel. The old house property, so described, was conveyed from time to time thereafter, title finally coming to some of the defendants in this case.

Mrs. Kapp continued to occupy the so-called new house from 1910 until 1944. In 1947 she sold it to the grantee from whom title ultimately came down to plaintiff. During the 34 years of her occupancy of the new house Mrs. Kapp used the sidewalk as her own. Occupants of the old house also used it. There appears to have been no discussion about use of the walk during all of those years. The testimony is that Mrs. Kapp and her family kept the walk shoveled and swept and that occupants of the old house never did this or in any way took care of it, although they did so as to a walk and steps leading from it to their own house. Successors in title to the new house, including plaintiff, continued the use of the walk, as Mrs. Kapp had done before them, until 1955 when some of defendants, as owners of the old house property, razed that house, tore up the sidewalk and built an auto-wash building so close to the new house that it effectively sealed off and rendered unusable the coal chute, side door, and steps from the back porch.

Plaintiff's bill of complaint sought restoration of the sidewalk and an easement, or, in the alternative, if that were deemed by the court to be impossible, a decree for damages for cost of reconstruction of the house necessitated by blocking access to its west side and to compensate for decline in value of her property as a result thereof. Plaintiff also asked damages for trespass and injunction against further trespass. From decree for defendants on the question of easement, plaintiff appeals.

It was the view of the trial court that Mrs. Kapp and her successor in title did not acquire a prescriptive easement by 45 years' use of the walk, because the use was mutual, permissive and not adverse.

It is clear that Mrs. Kapp caused the walk to be laid with the intent that it should serve as a permanent means of access to her coal chute, side door, and back steps on the west side of her new house. Apparently a mistake was made in the description in her subsequent conveyance of the old house. No reformation thereof on the ground of mutual mistake is sought, however.

We think *Kamm* v. *Bygrave*, 356 Mich 189, and *Rannels* v. *Marx*, 357 Mich 453, are controlling here. It is true that the facts therein are distinguishable in that there the positions of the parties were the reverse of those at bar. A like situation would have been presented here had Mrs. Kapp kept the old house property and, at a time when the walk was being used openly as a means of access to the new house, sold the property on which the new house was built, describing it as the entire parcel except the west 36 feet thereof. The meaning of the 2 cited cases would be that, under such circumstances, upon Mrs. Kapp's conveyance of the new house property a grant to its purchasers of the right to continue use of the walk had arisen by implication of law. The rule involved would rest on the ground that

such grant of easement was the manifest intent of the parties, including the grantor. When, as here, a reservation rather than grant of such easement was clearly the intent of the parties, the same reason exists for holding that a reservation arose by implication of law. Accordingly, in *Rannels* (p 456), we quoted with approval from *Rischall* v. *Bauchmann,* 132 Conn 637, 642, 643 (46 A2d 898, 165 ALR 559), the following:

" 'Where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another, which at the time of the severance is in use, and is reasonably necessary for the fair enjoyment of the other, then, upon a severance of such ownership, whether by voluntary alienation or by judicial proceedings, there arises by implication of law a grant *or reservation* of the right to continue such use. In such case, the law implies that with the grant of the one an easement is also granted *or reserved, as the case may be,* in the other, subjecting it to the burden of all such visible uses and incidents as are reasonably necessary to the enjoyment of the dominant heritage, in substantially the same condition in which it appeared and was used when the grant was made. *John Hancock Mutual Life Insurance Co.* v. *Patterson,* 103 Ind 582, 586 (2 NE 188, 53 Am Rep 550).' *Slachter* v. *Olderman,* 116 Conn 156, 158 (164 A 202); 1 Thompson, Real Property (Perm ed), § 337, and cases cited." (Emphasis supplied.)

The reference in the quoted material to a "reservation" as well as a "grant" by implication of law is to be noted. The conclusion that such easement was the intent of the common owner when she caused the walk to be laid and that such reservation was the intent of the parties when she sold the old house to her son and daughter-in-law is inescapable in view of the permanent character of the walk, and the fact that it was laid only when and in connection with

the building of the new house and was necessary to the use of the latter.

Decree below reversed insofar as inconsistent herewith. Case remanded for determination by the court below whether justice will best be served by requiring removal of a portion of the auto-wash building and restoration of the walk and use of easement, or, as prayed by plaintiff in the alternative, by award of damages in amount fully compensating plaintiff for loss of easement and trespass. Costs to plaintiff.

CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.