SCHMIDT v EGER

ESTOPPEL—COLLATERAL ESTOPPEL—RES JUDICATA—PRIOR ACTIONS—
    SAME CAUSE OF ACTION.
    Neither res judicata nor collateral estoppel is applicable to bar a
    plaintiff's cause of action to enjoin a neighboring landowner
    from filling a drain which drains the plaintiff's property where
    a prior action between the parties resulted in defendant's
    obtaining the land from the plaintiff pursuant to a consent
    judgment which, while dealing with several easements, made
    no mention of the drain involved in the present dispute.

Appeal from Macomb, William J. Beer, J. Submitted June 4, 1976, at Detroit. (Docket No. 23484.) Decided June 14, 1976. Leave to appeal applied for.

Complaint by Elmer F. Schmidt against Frank L. Eger, June A. Eger, Roger P. Eger, and Elizabeth A. Eger to enjoin defendants from filling an open drain which drained plaintiff's land. Accelerated judgment for defendants. Plaintiff appeals. Reversed.

*Casey, Cavanaugh & O'Neill,* for plaintiff.

*Roy W. Rogensues,* for defendants.

Before: QUINN, P. J., and D. F. WALSH and A. M. BACH,* JJ.

QUINN, P. J. Plaintiff appeals from an accelerated judgment granted to defendants under GCR

REFERENCE FOR POINTS IN HEADNOTE
28 Am Jur·2d, Estoppel and Waiver § 135.
* Circuit judge, sitting on the Court of Appeals by assignment.

1963, 116.1(5) on the basis of res judicata. We reverse.

In a prior action for specific performance of an option to purchase land, Michigan Birch Door Manufacturers, Inc. was plaintiff and the present plaintiff was defendant. Present defendants are privy to Michigan Birch Door Manufacturers, Inc. By a stipulation, that litigation ended with a consent judgment under which plaintiff deeded to the present defendants the property there in dispute. That property contained an open drain which drained land retained by plaintiff. Prior to the deed executed under the consent judgment, the land thereby conveyed and the land retained by plaintiff constituted one parcel owned by plaintiff.

Although the stipulation in the prior action, which was incorporated in the consent judgment, dealt specifically with several easements, no mention was made of the open drain that is involved in the litigation now before us. Plaintiff commenced this action for injunctive relief when notified by defendants that they intended to fill the open drain for purposes of expansion.

This is not the same cause of action as that which terminated with the consent judgment and the issue now raised with respect to the open drain was not there litigated. Neither res judicata nor collateral estoppel is applicable, *Howell v Vito's Trucking & Excavating Co,* 386 Mich 37; 191 NW2d 313 (1971).

Dependent on what the proofs may disclose, plaintiff may have an enforceable easement in the open drain by implied reservation, *Harrison v Heald,* 360 Mich 203; 103 NW2d 348 (1960).

Reversed and remanded with costs to plaintiff.