WILSON v ANGLIN

1. Easements—Easement by Implication—Requirements—Prepon-
   derance of Evidence.
   There are three requirements for an easement by implication: (1)
   apparentness, (2) continuity and, (3) strict necessity; a person
   claiming to have the benefit of such an easement must estab-
   lish all three requirements by a preponderance of the evidence.

2. Easements—Deeds—Easement by Implication—Drainage—
   Strict Necessity.
   There can be no reservation of a drainage easement by implica-
   tion in a deed of conveyance unless the easement by implica-
   tion is strictly one of necessity.

3. Easements—Easement by Implication—Drainage—Strict Neces-
   sity—Inconvenience—Expenses.
   A plaintiff seeking a drainage easement by implication has not
   established that the easement is strictly necessary where the
   evidence shows only that the available alternative will result in
   some inconvenience and expense to the plaintiff.

Appeal from Livingston, Peter J. Marutiak, J.
Submitted June 3, 1976, at Lansing. (Docket No.
25296.) Decided November 9, 1976.

Complaint by Rex W. Wilson and Nina L. Wil-
son, his wife, against Joel Anglin to have an
easement by implication declared in favor of the
plaintiffs and for an injunction restraining the
defendant from interfering with the easement.
Judgment for plaintiffs. Defendant appeals. Re-
versed.

References for Points in Headnotes
[1] 25 Am Jur 2d, Easements and Licenses §§ 24, 118.
[2, 3] 25 Am Jur 2d, Easements and Licenses §§ 30, 32, 33.

*Joseph C. Cox,* for plaintiffs.

*Moceri, Hoste & Bejin,* for defendant.

Before: ALLEN, P. J., and D. E. HOLBROOK, Jr., and E. H. PAPP,* JJ.

E. H. PAPP, J. On July 30, 1975, a judgment was entered against the defendant restraining him from interfering with an easement by implication. Defendant appeals as of right, the sole issue being that the plaintiffs failed to sustain their burden of proof in claiming an easement by implication.

In 1966, and for some time prior thereto, Howard Wilson and Irene Wilson, his wife, were the owners in fee of a tract of land located in sections 19 and 20, in the Township of Iosco, County of Livingston. They acquired this land on an exchange with his brother, Rex Wilson,[1] one of the plaintiffs herein, after the death of their father. Rex Wilson and Nina Wilson, the vendor's brother and sister-in-law, the plaintiffs herein, made use of a subterranean tile drain that had likewise been used by Howard R. Wilson and Irene Wilson to drain water which accumulated near their house to a pond located on the northern end of the property purchased by defendant Joel Anglin.

Defendant, Joel Anglin, viewed the property in mid-March of 1966, when the ground was covered with three inches of snow. He had little interest in the property after observing there were about 40 acres (Parcel A) trapped. Parcels A, C and D were owned by Howard Wilson and Irene Wilson, and Parcel B by Lyle Kleinschmidt. On April 6, 1966, defendant Anglin made an offer to purchase Parcel

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] Rex Wilson, one of the plaintiffs, was deceased at the time of trial.

A if he could also obtain Parcel B since Parcel A would be useless to him without Parcel B, due to the access problem. The offer of purchase was signed by Howard Wilson and his wife, Irene, on the same day, and witnessed by Howard Wilson's brother, Rex Wilson, the real estate agent. The defendant, Joel Anglin, acknowledged the receipt of the sellers' acceptance on April 9, 1966. A survey was then made of the new boundaries, whereby defendant Anglin was to purchase Parcels A, B and C, and Lyle Kleinschmidt was to purchase Parcel D. Upon completion of the survey a land contract was entered into and signed in the Howell Town & Country Real Estate office in Howell, Michigan, on May 23, 1966. Before signing the land contract, defendant insisted on a special provision whereby he would be permitted to remove trees from the land he was purchasing. The vendors and plaintiff Rex Wilson made no requests and, therefore, the land contract is silent as to any easements or restrictions. Coon Lake Road divides plaintiffs' and defendant's property.

It is claimed by defendant Anglin that he was never told nor did he see tile when he was on the property in mid-March of 1966; neither was he informed that plaintiffs' property drained under Coon Lake Road toward the north and over defendant's property into the Bradley Drain. Defendant further claims he did not discover the drain tile until after his purchase when the farmer he hired to plow the tract discovered the tile. Defendant Anglin claims even then he did not think too much about it because he assumed the tile served only his field, and it was only a year later, in 1967, that he discovered the tile actually went under Coon Lake Road and connected into the property of the plaintiffs. Plaintiffs, on the other hand,

allege that defendant had knowledge of the drain and, if not, that with reasonable effort defendant could have discovered this underground drain because there was some broken tile lying around and visible at least 100 yards from the Bradley Drain. At the trial it was stipulated that the defendant dammed the drain near Coon Lake Road and plowed up the tiles on his property, thus stopping the drainage from the Wilson land, causing it to back up on the land of the Wilsons, the plaintiffs herein.

The trial judge found plaintiffs had established the three requirements necessary to impose an easement by implication: 1) apparentness (notice to the defendant); 2) continuity; and 3) strict necessity. See *Covell v Bright,* 157 Mich 419, 424; 122 NW 101 (1909). After a careful review of the records and exhibits we cannot agree with the trial judge that all three requirements were met by the plaintiffs by a preponderance of the evidence.

As to apparentness (notice to the defendant), we need not rest reversal on this requirement or element. The trial court found in favor of the plaintiffs on this requirement; although we do not hold that its findings were clearly erroneous, we note that if it were necessary to our decision, we may have reached a different result. GCR 1963, 517.1; *Greenspan v Rehberg,* 56 Mich App 310, 319; 224 NW2d 67 (1974), *lv den,* 393 Mich 792 (1975). As to the second requirement, we agree with the trial court that the plaintiffs proved continuity by a preponderance of the evidence.

We disagree with the trial judge's finding that plaintiffs had, by a preponderance of the evidence, shown "strict necessity" for an easement by implication. This was clearly erroneous. Plaintiff Nina

Wilson's testimony clearly established that some of their property drained into the Gardner Drain which ran adjacent to their property at the south end. Our Supreme Court held in the *Covell* case, *supra,* that since the drainage easement had not been reserved in the conveyance, the plaintiff could only prevail if he could show that the servitude upon defendant's land was apparent, continuous and strictly necessary (citing cases). Again, in *Brown v Fuller,* 165 Mich 162; 130 NW 621; 33 LRA(NS) 459 (1911), the Court held there can be no reservation of a drainage easement by implication unless the easement by implication is strictly one of necessity since to permit the plaintiff to derogate from the terms of the deed given is against every applicable principle of law. The Court found that the drain, under the facts in the *Brown* case, was not strictly necessary, saying:

"While it is apparent from the record that it will be somewhat expensive to dispose of the sewage from complainant's building otherwise than over defendant's land, *it by no means appears that it is impossible to do so.* There is not made out, therefore, a case of strict necessity." 165 Mich at 167–168. (Emphasis added.)

We are of the opinion that the trial court's reliance on *Ketchel v Ketchel,* 367 Mich 53; 116 NW2d 219 (1962), to the effect that the strict necessity requirement has been relaxed in Michigan was erroneous. In the *Ketchel* case, the Court there was dealing with an easement by prescriptive use (private way). In *Bubser v Ranguette,* 269 Mich 388; 257 NW 845 (1934), the Supreme Court again reaffirmed the rationale of *Covell* and *Brown.* The Court stated that to read an implied reservation into a deed is in effect permitting the grantor to derogate from his express grant and he

has the burden of establishing that the servitude was apparent, continuous and strictly necessary to the enjoyment of his land. In the instant case we note that before the trial, plaintiffs sold their property to one Mr. Roycroft who is not a party to this suit.

Richard Rudnicki, the county drain commissioner, was called by the plaintiffs, and it is interesting to note that he testified that plaintiffs' land was reasonably flat; that they would not have to remove a hill of any size; and to connect to the Gardner Drain would not be a big problem if plaintiffs were willing to bear the expense. As stated above, plaintiff herself testified that part of their land drained into the Gardner Drain. Plaintiff's husband, Rex Wilson, was the real estate agent who negotiated the sale to the defendant. It would appear to this Court that he should have been aware of the pitfalls in failing to reserve expressly unto himself and assigns the easement sought in this lawsuit. We believe under Michigan law, and the great weight of authority touching this question with reference to subterranean drainage, that an easement will not be implied unless it is a way of necessity and not merely a way of convenience. As the Court in *Brown, supra,* at 166, stated, the rule applicable to implied reservations of easements is found in 14 Cyc, p 1171, and reads as follows:

"As regards implied reservations of easements the matter stands on principle in a position very different from implied grants. If the grantor intends to reserve any right over the tenement granted it is his duty to reserve it expressly in the grant. To say that a grantor reserves to himself in entirety that which may be beneficial to him, but which may be most injurious to his grantee, is quite contrary to the principle upon

which an implied grant depends, which is that a grantor shall not derogate from or render less effectual his grant or render that which he has granted less beneficial to his grantee. Accordingly, where there is a grant of land with full covenants of warranty without express reservation of easements, the best considered cases hold that there can be no reservation by implication unless the easement is strictly one of necessity."

The injunction prohibiting defendant from interfering with the easement is vacated.

Reversed. Costs to defendant-appellant.

We express no opinion as to whether defendant may be entitled to damages, since this matter is not before us on appeal.