WILKINSON v. HUTZEL.

1. LICENSES—EASEMENT—WAY OF NECESSITY.

  A driveway established by the owners of adjoining lots for mutual convenience, one-half of the driveway being on each lot, is not a way of necessity, but a license revocable by either party.

2. EASEMENT—ADVERSE USER—EFFECT.

  Where the owners of adjoining lots for mutual convenience established a driveway between the same, one-half thereof being on each lot, their acquiescence for a long term of years in such mutual user of the way did not create title in and to the land of the other in either party; there being nothing hostile or adverse in such user.

3. LICENSES — REVOCATION — OPERATION OF LAW — TRANSFER OF ESTATE.

  Where the owners of adjoining lots for mutual convenience established a driveway between the lots, and thereafter the husband of the owner of one of the lots became the owner of the other, and his wife joined with him in a conveyance thereof, the conveyance operated as a revocation of the license to use the driveway as to purchasers from her of her lot.

Appeal from Washtenaw; Kinne, J.   Submitted June 21, 1905.   (Docket No. 45.)   Decided January 24, 1906.

Bill by Emma O. Wilkinson against Charles J. Hutzel, Matilda A. Hutzel, and William Copeland to restrain an encroachment upon a right of way.   From a decree dismissing the bill, complainant appeals.   Affirmed.

*Frank E. Jones*, for complainant.

*Frank A. Stivers*, for defendants.

McALVAY, J.   Complainant, who is the owner of lot 12 in block 5, south of Huron street, range 7 east of Ann Arbor Land Company's addition to the city of Ann Arbor,

and claims a private right of way 10 feet wide between said lot and lot 11 next south thereof, one-half of which right of way is over and upon the north 5 feet of said lot 11, filed her bill of complaint asking that defendants Hutzel, who own and occupy lot 11, and defendant Copeland, their contractor and builder, be enjoined from obstructing, excavating, and building upon the north 5 feet of said lot, thereby destroying said right of way. She claims that said way was established by agreement between the then owners of said adjoining lots, more than 30 years ago, and for that time has been continuously, openly, and notoriously used by her and her grantors, and the owners of said lot 11 in common, in connection with the building situated on said lots.

In August, 1859, Conrad Krapf, owner in fee of these lots, conveyed by warranty deed lot 11 to Asenath Amsden and lot 12 to Polly Ann Otis. These lots are located in the interior of the block facing Thompson street on the east. These grantees by an oral agreement for mutual convenience at once located a driveway 10 feet in width between these lots, one-half on each lot, running from Thompson street on the east, back to the west end of the lots, the same to be used in common by them. Fences were put up on each side of the way which flared out north and south at the west end so as to afford easy access to the adjoining barns which each owner built, at the west ends thereof. Gates were placed in these fences for the convenience of the owners. From 1859 to 1903 said driveway remained as then located and was used continuously and uninterruptedly by all the occupants and owners of both lots for all purposes for which such a way would serve their convenience. There was a gate at the Thompson street end. These fences were maintained at least until 1877. There was also a cobblestone crossing at the entrance which was replaced by a cement crossing, after defendants' grantor Sauer purchased, half of the expense of which was paid by complainant's grantor. Mrs. Otis built upon lot 12 in 1859 and occupied the same person-

ally or by her tenants until October 8, 1902, when she con-
veyed it by warranty deed to complainant, who is her
daughter.    In 1863 Mrs. Otis married Aretas Dunn.
Dunn, through warranty deed, purchased lot 11, July 26,
1890.  On April 18, 1891, he sold and conveyed the
said lot by warranty deed to George Henion; his wife,
Polly Ann Otis Dunn, joining with him in the convey-
ance.   By Henion's representatives after his death, it was
sold to Adam Sauer, who in May, 1903, by warranty deed,
conveyed to defendants Hutzel and wife the north 33 feet
in width of said lot.   In none of these conveyances of
these lots is there any grant or reservation of a driveway
between them.   After the sale by Sauer to defendants
Hutzel and wife of the north part of lot 11, they pro-
ceeded to excavate within 18 inches of the line between
11 and 12 for the purpose of building a house, destroying
and obstructing all of the south half of this driveway in
dispute.   Notice was at once given to them to desist from
such claimed trespass.   Defendants disclaimed complain-
ant's right to interfere.   She then filed this bill of com-
plaint and secured a temporary injunction.   Defendants
answered and moved to dissolve the temporary injunction.
This motion was granted, on the ground that the way was
not one of necessity, and that complainant's grantor by
joining in the deed to Henion conveyed all her inter-
est and was estopped from asserting any right or title
to any part of lot 11.   Upon the hearing of the case, the
court took the same view and dismissed the bill of com-
plaint.

It clearly appears from the proofs that this way was
used by the owners of these adjoining lots in common for
all the years since Krapf sold, up to 1903, but from the
beginning it was an accommodation agreement between
the parties for their mutual convenience.   There was no
hostile and adverse use by either owner as against the
other.   Nor does it appear that after the sale to Henion
any claim was ever made by complainant or complainant's
grantor of any hostile or adverse interest or right in lot 11

by reason of the driveway. This right of way was not a way of necessity. It was simply a license revocable at any time by either pary. An acquiescence for a long term of years between adjoining owners in such mutual user of a way would not create title in and to the land of the other in either party for the reason that there was nothing hostile or adverse in such user. The deed to Henion would operate as a revocation of the license.[1]

The decree of the circuit court is affirmed with costs.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.