WORDEN *v.* ASSIFF.

1. Easements—Prescriptive Use—Consent to Joint Use of Driveway Located on Adjoining Lots.

Mutual use by occupants of adjoining city lots of gravel driveway located in part on each of the two lots, which use was consented to, was not adverse or hostile and did not ripen into a prescriptive easement.

2. Same—Way of Necessity—Joint Driveway for Mutual Convenience.

Driveway established by owners of adjoining lots for mutual convenience, located in part on each lot, is not a way of necessity, but a license revocable by either party.

3. Same—Mutual Use of Driveway Located in Part on Adjoining Lots—Prescriptive Rights.

A prescriptive easement does not arise out of a mutual use of a driveway, located in part on each of two adjoining lots, until mutuality ends and adverse user commences and continues for the period essential to the fastening of such a right.

Appeal from Ingham; Coash (Louis E.), J. Submitted January 10, 1947. (Docket No. 62, Calendar No. 43,459.) Decided April 17, 1947.

Bill by Vernon Worden and wife against Sam Assiff and wife to enjoin the defendants from piling ashes and refuse against a fence, pushing fence onto plaintiffs' land and to compel the conveyance of claim in plaintiffs' premises. Cross bill by defendants against plaintiffs to establish a driveway. Decree for plaintiffs. Defendants appeal. Affirmed.

Use must be adverse to raise an easement by prescription, see 5 Restatement, Property, § 458, comment a.

*William C. Brown,* for plaintiffs.

*Dwight L. Wilson,* for defendants.

BOYLES, J. Plaintiffs and defendants are the owners or vendees under land contracts of adjoining homes on Bement street in the city of Lansing. A dispute arose between them as to the boundary line between their respective lots, where a joint graveled driveway had been in use for many years. Plaintiffs erected a fence on what they claim is their own property on their side of the line, but where the defendants claim it interferes with their right to use the driveway which they claim has been established by user and adverse possession. Plaintiffs filed this bill in chancery to enjoin the defendants from piling ashes and refuse against the fence and through it onto what plaintiffs claim is their land, from pushing the fence over onto plaintiffs' land, and to compel the defendants to release or deliver to plaintiffs a conveyance of any pretended claim of the defendants in plaintiffs' premises. The defendants answered and filed a cross bill claiming that the fence is on land that has been used as a joint driveway for some 25 years, that the defendants have an easement established by adverse user and possession, that the fence deprives defendants from use of their garage for garage purposes, makes it necessary for them to park their car outdoors, and prevents delivery of coal to their house. In their cross bill defendants ask that the plaintiffs (cross-defendants) be enjoined from maintaining the fence, and that the defendants, as cross-plaintiffs, be decreed to have an easement for joint driveway purposes over so much of plaintiffs' land as may be shown to have been used as a joint driveway.

Judge Louis E. Coash heard the proofs and found that the defendants did not have an easement over plaintiffs' land either as a way of necessity or by prescription. A decree was entered restraining the defendants from using plaintiffs' land, piling refuse or other material against or through the fence, and from doing any damage to plaintiffs' property. It was also decreed that the defendants release plaintiffs' land from any claimed right therein. Defendants appeal.

Admittedly none of the previous conveyances and land contracts applying to the lots here involved contain any reference to the claimed easement. The only claim here made by appellants is that the court should have held that the defendants had acquired by prescription an easement over plaintiffs' land for the joint driveway. The court found from the proofs that the garages of the respective parties are on their own lots, that they each have ample room on their own premises in which to reach their garages, that there is sufficient space owned by each to establish a private driveway on their own premises, and that there can be no way of necessity in this case. Appellants in their briefs do not controvert that part of the court's finding and decree, but for reversal rely solely on the claim that they have an easement by prescription.

Both these lots were owned by one J. Gottlieb Reutter in 1916, at which time the joint driveway was in use. Between that time and November 15, 1940, plaintiffs' lot was sold or conveyed several times, until on the latter date J. Gottlieb Reutter again acquired title to said lot and then in 1941 sold it on a land contract under which plaintiffs now hold possession as vendees. Mr. Reutter continued to hold the record title to defendants' lot until 1940, at which time he sold it to them. In the interim the said lot had been sold several times on land contract

to various vendees who forfeited by failing to make payments. The so-called joint driveway was in existence during all that time, and no dispute ever arose between the adjoining landowners or vendees as to the use of this driveway until the present controversy arose between the parties to this suit, in 1943. Until then, the adjoining owners or occupants, by mutual consent, used the driveway here in question. Typical of the proof in that regard is the testimony of one witness (a former owner, on whose title for 18 years appellants now rest their claim of adverse possession) as follows:

"We had no trouble with anyone about the use of the drive. We did not object to where they drove and they did not object where we drove."

The record in this case shows that the facts may be summed up as follows: Each lot contains sufficient land for a separate driveway; until 1943 the owners or occupants of each lot made no objection when the owners or occupants of the other lot used the gravel driveway which was in part on each lot. Mutual use was a convenience for all, and consented to. Such use is not adverse, hostile, and does not ripen into a prescriptive easement. Appellants have not sustained the burden of establishing a prescriptive easement.

"A driveway established by the owners of adjoining lots for mutual convenience, one half of the driveway being on each lot, is not a way of necessity, but a license revocable by either party.

"Where the owners of adjoining lots for mutual convenience established a driveway between the same, one half thereof being on each lot, their acquiescence for a long term of years in such mutual user of the way did not create title in and to the land of the other in either party; there being nothing hostile or adverse in such user." *Wilkinson* v. *Hutzel* (syllabi), 142 Mich. 674.

"It is evident that this driveway originated as a convenience common to the needs of both properties and without thought on the part of the users of any claim of exclusive right thereto. We are unable to discover any change in such mutual user. A prescriptive easement does not arise out of a mutual use of a driveway until mutuality ends and adverse user commences and continues for the period essential to the fastening of such a right. If the user was permissive at inception, such permissive character will continue of the same nature and no adverse user can arise until there is a distinct and positive assertion of a right hostile to the owner and brought home to him. 9 R. C. L. p. 778; *Village of Manchester* v. *Blaess,* 258 Mich. 652." *Hopkins* v. *Parker,* 296 Mich. 375, 379.

Appellants rely on *St. Cecelia Society* v. *Universal Car & Service Co.,* 213 Mich. 569. It is apparent from the opinion in that case that the plaintiff therein had acquired by prescription an easement in the nature of a driveway, by actual, continuous, open and adverse use of a strip of land 6.81 feet in width adjoining plaintiff's building in Grand Rapids, as a driveway and access to a door in plaintiff's building, and that the defendant took title with notice of and subject to such use. It was there held that the plaintiff had a prescriptive easement appurtenant to its building. The distinction between the equities of that case and the one now before us is apparent.

As to the difference between an easement not of necessity but resting upon convenience, and a continuous easement resting upon necessity, see, also, *Burling* v. *Leiter,* 272 Mich. 448 (100 A. L. R. 1312).

Decree affirmed, with costs to appellees.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, REID, NORTH, and DETHMERS, JJ., concurred.