WASILEWSKI *v.* KOWAL.

1. EASEMENTS—PERMISSION.
   If a right of way rests on permission, such permission may be withdrawn at any time, however long continued.

2. SAME—PRESCRIPTIVE USE—CONSENT TO JOINT USE OF DRIVEWAY LOCATED ON ADJOINING LOTS.
   Mutual use by occupants of adjoining city .lots of driveway located in part on each of the two lots, which use was consented to, was not adverse or hostile and did not ripen into a prescriptive easement.

3. SAME—WAY OF NECESSITY—JOINT DRIVEWAY FOR MUTUAL CONVENIENCE.
   Driveway established by owners of adjoining lots for mutual convenience, located in part on each lot, is not a way of necessity, but a license revocable by either party.

Appeal from Wayne; Ferguson (Frank B.), J. Submitted January 8, 1948. (Docket No. 28, Calendar No. 43,928.) Decided April 5, 1948. Rehearing denied May 18, 1948.

Bill by Anna G. Wasilewski against Frank Kowal and wife to restrain interference with driveway. Decree for plaintiff. Defendants appeal. Reversed and bill dismissed.

*George C. Parzen* (*Meyer Weisenfeld,* of counsel), for plaintiff.

*Riseman, Lemke & Piotrowski,* for defendants.

SHARPE, J. In September, 1926, John Suminski and Bertha Suminski, his wife, were the owners of

Creation and termination of licenses, see 5 Restatement, Property, §§ 512, 515, 519.

two adjoining parcels of real estate described as lots Nos. 297 and 298 of the Smart Farm subdivision located in Detroit, Michigan. The Suminskis built a house on each lot and constructed a cement driveway between the two buildings four feet of which was on each lot.

On September 20, 1926, the Suminskis sold lot No. 297 to Edward Brudczynski and Filomena Brudczynski, his wife. In 1928 the Brudczynskis sold their lot to Frank Gorczyca and Anna Gorczyca, his wife. Frank Gorczyca died and the title to the lot vested in Anna Gorczyca, whose name is now Anna G. Wasilewski, plaintiff in this case.

Lot No. 298 was sold by the Suminskis to Arthur W. Schlisinger and Adele Schlisinger, his wife, on October 6, 1927. Through foreclosure of a mortgage, title to lot No. 298 became vested in the French Mortgage & Bond Company which entered into a land contract with defendants, Frank Kowal and Bernice Kowal, his wife, for the sale of the property. The contract was dated July 2, 1936. The defendants stopped using the driveway in 1942; and in 1943 Frank Kowal informed plaintiff that he was going to close the driveway.

In April, 1944, plaintiff began the present suit in which she claims that by reason of the continuous, open, notorious and adverse use of the driveway, said driveway has become a community driveway and she has acquired an easement by prescription to drive over the land of defendants; and that this easement has existed for more than 15 years.

The cause came on for trial and the trial court filed an opinion in which he stated it was the intention of the original builder "that the driveway between the two adjoining lots was a mutual driveway and that the mutual use of said driveway was a part of the consideration for the purchase;" that

"plaintiff and her predecessor in title have used this mutual driveway from 1926 to 1942 * * * with the consent and acquiescence of the defendants and their predecessors in title;" and held that a mutual easement was established by prescription.

A decree in conformity with his opinion was entered. Defendants appeal and urge that the use of a mutual driveway by adjoining owners over a long period of time cannot ripen into an easement by prescription since the use of such driveway is permissive and not adverse.

Plaintiff urges that where a mutual or common drive has been used continuously, openly, visibly and adversely for more than 15 years, an easement by prescription has been established. She relies upon *St. Cecelia Society* v. *Universal Car & Service Co.*, 213 Mich. 569.

The facts in the *St. Cecelia Case* are that plaintiff claimed title to a strip of land 6.81 feet in width adjoining its club house and went into possession of the same in 1894. Such use was continuous for a period of more than 15 years. Plaintiff claimed title by adverse possession. We there said:

"We are unable to find that the plaintiff has had such adverse possession of this property as would entitle it to absolute ownership in fee with the right to fence the same and occupy it for any and all purposes to the exclusion of the defendants; but we do think that it has an easement by prescription, in the nature of an appurtenant easement attached to the premises of the plaintiff."

In the case at bar there is no claim of adverse possession. Plaintiff testified:

"*Q.* But during the time you lived there you knew that four feet of the land belonged to the neighbor and four feet belonged to you, and each of you

permitted that four feet to be used merely as a driveway, isn't that right?

"*A.*  Yes."

It is obvious that the use of the driveway was permissive. In *Stewart* v. *Hunt,* 303 Mich. 161, we said:

"If defendant's right to the way rests on permission, such permission may be withdrawn at any time, however long continued."

In *Worden* v. *Assiff,* 317 Mich. 436, we held that the mutual use by occupants of adjoining city lots of a gravel driveway in part on each of the two lots, which use was consented to, was not adverse or hostile and did not ripen into a prescriptive easement. We quoted with approval from *Wilkinson* v. *Hutzel* (syllabi), 142 Mich. 674:

"A driveway established by the owners of adjoining lots for mutual convenience, one half of the driveway being on each lot, is not a way of necessity, but a license revocable by either party.

"Where the owners of adjoining lots for mutual convenience established a driveway between the same, one half thereof being on each lot, their acquiescence for a long term of years in such mutual user of the way did not create title in and to the land of the other in either party; there being nothing hostile or adverse in such user."

In view of the fact that the use of the driveway was permissive during the period of joint use of same, we hold that such permissive use did not ripen into an easement by prescription.

The decree of the trial court is reversed and plaintiff's bill of complaint dismissed. A decree will be entered in the Supreme Court accordingly. Defendants may recover costs.

BUSHNELL, C. J., and BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.