BANACH v. LAWERA.

1. EASEMENTS—PRESCRIPTIVE USE—BURDEN OF PROOF.
   One claiming easement in a joint driveway, not claimed as a way of necessity, by prescription has the burden of showing by satisfactory proof that the use of the driveway by himself and his predecessors in title was of such character and continued for such length of time as to ripen into an easement by prescription.

2. SAME—PERMISSIVE USE OF DRIVEWAY.
   Permissive use of a joint driveway, no matter how long continued, will not result in an easement by prescription.

3. SAME—PERMISSIVE USE OF DRIVEWAY—PRESCRIPTIVE USE.
   To bring about an easement by prescription of a driveway which has been initially used permissively, the permissive use must be ended and an adverse use must continue for a period of 15 years.

4. SAME—JOINT DRIVEWAY—PERMISSIVE USE.
   Use of joint driveway, half of which was located on each of 2 adjoining lots, now owned by plaintiffs and defendants, by the

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Easements, § 72.
[1]   Easement by prescription: Presumption and burden of proof as to adverse character of use. 170 ALR 776.
[2–4] 17 Am Jur, Easements, § 63.

then common owner and which had been used permissively by
the occupants for many years did not establish an easement
by prescription, where there had not been an adverse and hostile
use for the requisite period of time.

Appeal from Wayne; Murphy (Thomas J.), J.
Submitted April 3, 1951. (Docket No. 10, Calendar
No. 45,004.) Decided May 14, 1951.

Bill by Peter Banach and others against John
Lawera and wife to establish joint driveway. De-
cree for plaintiffs. Defendants appeal. Reversed.

*Edward E. Forster* (*J. P. Mikesell,* of counsel),
for plaintiffs.

*Selwa & Dixon,* for defendants.

CARR, J. Plaintiffs brought suit in circuit court to
establish their right to an easement in an alleged
joint and mutual driveway, and for injunctive relief.
Their bill of complaint set forth that they were the
vendees under a land contract for the sale and pur-
chase of property located on Elmer street in the city
of Detroit, described as lot 50 of the Saxon Heights
Subdivision of lot 10, Haggerty's Subdivision of part
of private claim 543, city of Detroit, Wayne county,
Michigan. The defendants are the owners of adjoin-
ing property described as lot 49 of the same subdi-
vision. Both lots were formerly owned by Clara M.
Kurz who, in 1924, built a house on lot 49 and entered
into a land contract for its sale. In January, 1929,
a warranty deed was given, presumably pursuant to
the contract. Subsequently, under date of March
20, 1942, after intervening transactions affecting the
title, defendants received a conveyance of the lot.
The testimony indicates that they went into posses-
sion, in 1937, under a land contract.

In 1925 the owner, Mrs. Kurz, constructed a residence on lot 50 and the property was sold on land contract on November 2d of that year. Subsequently the contract was forfeited, and from 1931 until 1937 it was rented by Mrs. Kurz to different parties. In the latter year it was sold under land contract to the party from whom plaintiffs later acquired it, who had been in possession, since 1933, as tenant of the owner. A deed was executed to the vendee under the contract in September, 1942, and the abstract shows that the lot was conveyed to plaintiffs herein by warranty deed on October 27, 1948.

The driveway in question lies between the residences of the parties and was constructed initially for the accommodation of the occupants of the lots. It is located one half on each parcel. From the time of its construction by the original owner, or presumably under her direction, it remained in use in accordance with the initial purpose until November, 1948, shortly after plaintiffs went into possession of lot 50. Defendants then undertook to construct a fence on the lot line along the middle of the driveway. Thereupon the present suit was instituted.

As indicated by their bill of complaint and by their proofs, it was the claim of the plaintiffs in the trial court that because of the use of the driveway for more than 20 years reciprocal easements therein had been acquired, and that they were entitled to its continued use, subject to a like right in the owners and occupants of lot 49. Defendants by their answer denied plaintiffs' claims with reference to rights in the driveway, asserting that there had been no written or oral grant of easements, that the driveway had been established as a matter of convenience for the occupants of the lots, and that its use was wholly permissive. On the trial plaintiffs insisted that the use of the driveway by the successive occupants of both lots was adverse and was continued for such

length of time as to result in prescriptive easements. The case was tried and determined on this issue. The trial court sustained the claim of the plaintiffs and entered a decree accordingly. Defendants have appealed.

In order to establish their right to the relief sought, the burden rested on the plaintiffs to show by satisfactory proof that the use of the driveway by their predecessors in title was of such character and continued for such length of time as to ripen into an easement by prescription. In the attempt to establish such fact they offered the testimony of Edwin O. Kurz and of Mrs. Helen Haudzel. Mr. Kurz testified that he was the husband of Clara M. Kurz, the former owner of both lots, that he was a contractor and builder, that as such he constructed the residences on lots 49 and 50, and that he put in the driveway. It is a fair inference from his testimony that he represented Mrs. Kurz in the negotiations for the sales of the properties on land contracts. It is conceded that there is no mention in either contract, or in subsequent contracts or conveyances, with reference to driveway rights. Mr. Kurz stated in substance that he discussed the use of the driveway with the vendees under the original contracts, indicating the nature of such discussions in the following statement:

"I just told them that they would have the right to use it, and I have told the people when I sold lot 50, I told them the same thing, and it was all agreed upon."

No explanation was offered as to the failure to make reference to the driveway in the contracts executed by Mrs. Kurz. If she intended to convey easements by the deeds to be executed when the contracts were performed, it would have been a simple matter to so provide in the contracts. The owner did

not do so, nor did she make any attempt to grant easements by parol. Mr. Kurz was presumably acting in her behalf in negotiating the contracts. The extent of his authority does not appear nor does the record disclose that the statements made by him to the respective vendees were authorized by the owner, or known to her. It may not be said on this record that Mr. Kurz had any authority to bind the owner by an attempted oral grant of easements. Moreover, his testimony does not justify the conclusion that he attempted to do so. He called the situation with reference to the driveway to the attention of each vendee, indicating that the occupants of the other lot should be permitted to use it, and obtained the consent of the parties concerned thereto. It thus appears that the initial use of the driveway by the occupants of these lots was permissive. It will be noted that at that time Mrs. Kurz was still the legal owner of both lots and the rights of occupancy by the vendees rested on their contracts with her. The situation thus created continued until interrupted by defendants in November, 1948. No attempt was made to grant an easement, either in writing or by parol, to any subsequent owner or occupant of either lot. The situation is indicated by the testimony of plaintiffs' witness, Mrs. Haudzel, to the effect that nothing was said to her about a driveway when, in 1933, she moved into the house on lot 50. She testified further that the owner of the adjoining property never said anything to her with reference to the driveway, and they never had any contention with reference to its use. From 1933 until 1937 Mrs. Haudzel occupied the property as a tenant of Mrs. Kurz, and thereafter, until September, 1942, she was in possession as the vendee under a land contract with the owner.

It has been repeatedly held by this Court that permissive use of a driveway, no matter how long con-

tinued, will not result in an easement by prescription. To bring about such result the permissive use must be ended and an adverse use must continue for a period of 15 years. In *Wilkinson* v. *Hutzel,* 142 Mich 674, the owner of adjoining lots conveyed them in 1859 to different parties. The grantees entered into an oral agreement for the mutual use of a driveway, located one half on each lot, extending from the street to the rear of said properties. Thereafter the driveway continued to be used without interruption by the occupants and owners of both lots. In 1903 defendants became the owners of one of the lots and proceeded to excavate for building purposes within 18 inches of the center line of the driveway. Injunction proceedings were instituted. As in the case at bar, no claim was made that the driveway was one of necessity. The trial court came to the conclusion that the use was not adverse and hostile but permissive, and dismissed plaintiff's suit for injunctive relief. This Court affirmed the decree, saying in part:

"It clearly appears from the proofs that this way was used by the owners of these adjoining lots in common for all the years since Krapf sold, up to 1903, but from the beginning it was an accommodation agreement between the parties for their mutual convenience. There was no hostile and adverse use by either owner as against the other. Nor does it appear that after the sale to Henion any claim was ever made by complainant or complainant's grantor of any hostile or adverse interest or right in lot 11 by reason of the driveway. This right of way was not a way of necessity. It was simply a license revocable at any time by either party. An acquiescence for a long term of years between adjoining owners in such mutual user of a way would not create title in and to the land of the other in either party for the reason that there was nothing hostile or adverse in

such user. The deed to Henion would operate as a revocation of the license."

In *Hopkins* v. *Parker*, 296 Mich 375, a similar situation existed. There the plaintiffs sought to enjoin the defendant from using a driveway located in part on plaintiffs' lot. Defendant claimed a prescriptive easement acquired by adverse user for more than 15 years. Both plaintiffs and defendant traced their respective titles to a common owner. In reversing a decree of the circuit court recognizing the existence of an easement as claimed by the defendant, it was said:

"It is evident that this driveway originated as a convenience common to the needs of both properties and without thought on the part of the users of any claim of exclusive right thereto. We are unable to discover any change in such mutual user. A prescriptive easement does not arise out of a mutual use of a driveway until mutuality ends and adverse user commences and continues for the period essential to the fastening of such a right. If the user was permissive at inception, such permissive character will continue of the same nature and no adverse user can arise until there is a distinct and positive assertion of a right hostile to the owner and brought home to him. 9 RCL, p 778; *Village of Manchester* v. *Blaess*, 258 Mich 652.

"Under defendant's testimony it is not conceivable that during the time his mother and stepfather occupied the Hopkins premises he was asserting or even had the thought of adverse user of the driveway. Evidence of adverse user must be clear. If it appears that during the time or after the time of claimed adverse user the party claiming right by prescription negotiates or offers to treat for user, then the presumption of a grant back of every easement by prescription fails. 9 RCL, p 782; *Outhwaite* v. *Foote*, 240 Mich 327. The proofs do not establish a prescriptive easement."

Of like import are *Milewski* v. *Wolski,* 314 Mich 445 (164 ALR 998); *Worden* v. *Assiff,* 317 Mich 436; *Wasilewski* v. *Kowal,* 320 Mich 473; *Barbaresos* v. *Casaszar,* 325 Mich 1. Applying the principles recognized in the foregoing decisions, it must be held that plaintiffs are not entitled to the relief sought. They have not shown by the requisite degree of certainty that the parties under whom they claim acquired an easement in this driveway by adverse and hostile use for the requisite period of time.

Other questions suggested by the record in the case, but not argued by counsel before the trial court or in their briefs here, do not require discussion. A decree will enter in this Court setting aside the decree of the trial court and dismissing the bill of complaint, with costs to appellants.

REID, C. J., and BOYLES, NORTH, DETHMERS, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.