# STATE OF MICHIGAN

# COURT OF APPEALS

---

FRANKLIN13, LLC, and JUDITH E GOLDNER,

        Plaintiffs-Appellees,

v

RAJ ANSHUMAN GOSWAMI and SUSAN GOSWAMI,

        Defendants-Appellants.

UNPUBLISHED
June 14, 2018

No. 336517
Oakland Circuit Court
LC No. 2016-152894-CH

---

Before: SWARTZLE, P.J., and SHAPIRO and BOONSTRA, JJ.

PER CURIAM.

Defendants appeal by right the trial court's order granting plaintiffs a prescriptive easement over a private road owned by defendants (the "access parcel") for the benefit of plaintiffs' parcel.[1] We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In 1976, Goldner and her then-husband Norman Goldner acquired a land contract interest in the property located at 26171 West 13 Mile Road in the Village of Franklin ("the property"). Adjacent to the property is the access parcel, a private road that provides several parcels with access to West 13 Mile Road. Since 1977, Goldner used the access parcel to enter and leave the property, as well as for mail and municipal trash pickup. Goldner and Norman were divorced in 1980; Goldner and her children continued to live at the property. In 1986, Goldner and Norman completed the required payments on the land contract and the property was conveyed to them by warranty deed. In 1991, Norman conveyed his interest in the property to Goldner via quitclaim deed; when Norman remarried in 1992, he and his new wife signed another quitclaim deed conveying any interests they had in the property to Goldner.

---

[1] At times it will be necessary for us to refer to the parties or others individually. We will then refer to plaintiff Franklin13, LLC as "Franklin13," plaintiff Judith Goldner as "Goldner," Norman Goldner as "Norman," defendant Raj Goswami as "Raj," and defendant Susan Goswami as "Susan." We will refer to Franklin13 and Goldner collectively as "plaintiffs," and Raj and Susan Goswami collectively as "defendants."

Goldner was the sole owner of the property until 2004, when she conveyed the property to the Judith E. Goldner Revocable Living Trust ("the Goldner Trust") of which she was the trustee. In 2013, Goldner was unable to make her mortgage payments and the property went into foreclosure. The property was sold at a sheriff's sale, but Goldner was able to redeem the property before the redemption period expired thanks to a loan from a family member, Jonathon Victor, and his two brothers (who are not named in the record below). In return for the loan, Goldner signed a deed conveying the property to Franklin13, a limited liability company owned by Victor and his brothers, while reserving a life estate in the property to herself. The deed referred to Goldner as "an Individual," and did not reference the fact that the property was owned by the Goldner Trust of which she was trustee. Goldner and Victor averred by affidavit that they intended the deed to "convey to [Goldner and Franklin13] the continued access to [the] property over the private road" and to convey the property "with the identical manner of ingress and egress that [Goldner] had utilized for the past 36 years."

In 2014, defendant Raj purchased a parcel of property located at 26175 West 13 Mile Road in the Village of Franklin. That parcel included the access parcel. Raj admitted at his deposition that he was aware when he purchased the property that multiple people used the access parcel to access their respective properties. Sometime after the purchase, Raj married Susan. In 2015, defendants informed Goldner that they planned to move the access road in such a way that it would no longer connect to her driveway, altering her ability to access her property by vehicle as well as changing the location of her mailbox and trash pickup.

Plaintiffs filed suit against defendants in 2016, seeking to have the trial court declare an easement by prescription over the access parcel and enjoin defendants from altering the access parcel in the manner proposed. Plaintiffs and defendants both later filed motions for summary disposition on the issue of whether plaintiffs could establish the elements of a prescriptive easement. After a hearing on the cross-motions for summary disposition, the trial court entered a written opinion and order granting plaintiffs' motion for summary disposition under MCR 2.116(C)(10), denying defendants' motion for summary disposition, and granting plaintiffs the declaratory and injunctive relief they sought.

This appeal followed.

## II. STANDING

Defendants argue that plaintiffs do not have an interest in the subject property, and therefore lack standing to sue, because the property is owned by the Goldner Trust and the Goldner Trust never conveyed its interest in the subject property. Instead, defendants contend, Goldner signed the quitclaim deed to Franklin13 in her individual capacity. Defendants assert that Goldner individually did not have an interest in the subject property in 2013 and that she was therefore unable to convey the property to Franklin13. As a result, the 2013 quitclaim deed is invalid, the subject property remains owned by the Goldner Trust, and plaintiffs do not have an ownership interest in the subject property and could not bring this action seeking a prescriptive easement. We disagree.

"This Court has viewed a claim that a plaintiff lacks standing as a motion under MCR 2.116(C)(5), i.e., that the plaintiff lacks the legal capacity to sue." *Pontiac Police & Fire*

*Prefunded Group Health & Ins Trust Bd of Trustees v Pontiac No 2*, 309 Mich App 611, 619; 873 NW2d 783 (2015) (citation omitted). The party asserting the affirmative defense that the plaintiff lacks the legal capacity to sue must do so in the 'first responsive pleading or in a motion filed prior to that pleading.' " *Id*.; see also MCR 2.116(D)(2). Defendants failed to raise the issue of plaintiffs' lack of standing in their first responsive pleading or in a motion filed prior to that pleading. Defendants have thus waived the issue. *Glen Lake-Crystal River Watershed Riparians v Glen Lake Ass'n*, 264 Mich App 523, 528; 695 NW2d 508 (2004).

Further, even if defendants had not waived the issue, we would find their argument to be without merit. A trustee generally has the power to "sell . . . or otherwise dispose of . . . trust property for any purpose upon any terms or conditions. . . ." MCL 700.7817(y). However, a trustee can also, generally speaking, act personally or individually. See *Bankers Trust Co of Muskegon v Forsyth*, 266 Mich 517, 520; 254 NW 190 (1934) (quotation marks and citation omitted) ("A suit against one sued as an individual does not bind him as trustee, and, conversely, judgment against one sued in a representative capacity does not conclude him in a subsequent action brought by or against him as an individual, although the same identical issue is involved[.]"). The Goldner Trust grants Goldner, as trustee, the power to "buy, sell, acquire, dispose of, mortgage, encumber, lease, rent, or otherwise deal with any such property upon such terms and conditions as in the sole judgment of the Trustee shall seem just and proper. . . ." Therefore, despite Goldner's failure to label herself as trustee for purposes of the 2013 deed conveyance, the powers she exercised were authorized by the Goldner Trust. Goldner had no personal interest in the property and no ability to convey it in her individual capacity.

The lack of *descripto personae* on the deed, i.e. descriptive language describing Goldner as the trustee, see *Black's Law Dictionary* (10th ed), is not fatal to the validity of the deed. See *Pungs v Hilgendorf*, 289 Mich 46, 52-53; 286 NW 152 (1939); *Levine v Katz*, 293 Mich 493, 498-499; 292 NW 466 (1940); see also *Jerome v Great American Ins Co*, 52 NC App 573, 578-579; 279 S E 2d 42 (1981).[2]

Here, there is no dispute that Goldner was the trustee of the Goldner Trust and only had the authority to convey the subject property as trustee.[3] Moreover, there is no dispute that all of the parties to the transaction intended that the Goldner Trust convey the property to Franklin13. Therefore, even if defendants had not waived their challenge to the plaintiffs' capacity to sue, we would find that the property was successfully conveyed from the Goldner Trust to Franklin13 with a life estate reserved to Goldner, and that plaintiffs may maintain an action on it.

---

[2] This Court may consider caselaw from other jurisdictions for its persuasive value. *Travelers Prop Cas Co of America v Peaker Servs, Inc*, 306 Mich App 178, 188; 855 NW2d 523 (2014).

[3] We note that although the quitclaim deed refers to Goldner as "an Individual," it does not specifically state that Goldner was conveying the property "personally," "individually," or in an "individual capacity."

## III. PRESCRIPTIVE EASEMENT

Defendants next argue that the trial court erred by concluding that plaintiffs were entitled to a prescriptive easement. "A prescriptive easement requires elements similar to adverse possession, except exclusivity." *Matthews v Dep't of Natural Resources*, 288 Mich App 23, 37; 792 NW2d 40 (2010). Therefore, a prescriptive easement arises where use on a servient estate "is open, notorious, adverse, and continuous for a period of fifteen years." *Goodall v Whitefish Hunting Club*, 208 Mich App 642, 645; 528 NW2d 221 (1995). Permissive use of another's property will not establish a prescriptive easement. *Banach v Lawera*, 330 Mich 436, 440-441; 47 NW2d 679 (1951).

While conceding that Goldner could "possibly" have established the elements of a prescriptive easement in 2001, defendants argue that Franklin13 is unable to "tack" onto prior ownership periods for purposes of establishing the requisite 15 years of open, notorious, adverse and continuous possession of the access parcel. According to defendants, this is because there is no privity of estate between Franklin13 and either Goldner or the Goldner Trust and Goldner never took legal action to have the prescriptive easement declared when she was the legal owner. Defendants also contend that Goldner's current status as a life estate holder renders her unable to obtain a prescriptive easement. Finally, defendants argue that the doctrine of mutual use precludes the trial court's holding. We disagree with all of defendants' arguments.

A motion for summary disposition under MCR 2.116(C)(10) "tests the factual sufficiency of the complaint." *Shinn v Mich Assigned Claims Facility*, 314 Mich App 765, 768; 887 NW2d 635 (2016) (citation omitted). We review de novo a trial court's grant or denial of summary disposition under MCR 2.116(C)(10). *Id*. (citation omitted).

> In evaluating a motion for summary disposition brought under Subrule (C)(10), a reviewing court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion. Summary disposition is properly granted if the proffered evidence fails to establish a genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. [*Id*.]

"A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420, 423; 864 NW2d 609 (2014) (citation and quotation marks omitted).

"[O]ne seeking to obtain record title of a prescriptive easement may establish that the elements were met by a prior owner in the claimant's chain of title." *Marlette Auto Wash, LLC v Van Dyke SC Properties, LLC*, ___ Mich ___, ___; ___ NW2d ___ (2018) (Docket No. 153979); slip op at 2, 9. Furthermore, "[w]hen a prescriptive easement has vested under a previous property owner's possession, the easement is appurtenant and is conveyed to subsequent owners in the chain of title without the need to show privity of estate." *Id*. at ___; slip op at 2, 9-12, citing *Wortman v Stafford*, 217 Mich 554; 187 NW 326 (1922); *Haab v Moorman*, 332 Mich 126; 50 NW2d 856 (1952). The Supreme Court elaborated, stating:

It is evident that, under both *Wortman* and *Haab*, when a claimant can demonstrate that a predecessor-in-interest met the requirements for the establishment of a prescriptive easement, the vested easement transfers to subsequent property owners in the chain of title without the obligation to show privity of estate. *Wortman* and *Haab* also hold that, when the property has been adversely used in excess of the prescriptive period for a substantial period of time, the burden shifts to the servient estate owner to show that the use was merely permissive. We reaffirm these principles in this case. [*Marlette*, ___ Mich at ___; slip op at 12.]

The *Marlette* Court also held that "the prior owner of the dominant estate is not required to take legal action to claim the easement in order for a vested prescriptive easement to exist." *Id*. at 17.

In other words, plaintiffs are not required to show privity of estate between Franklin13 and either Goldner or the Goldner Trust, and any prior owners need not have taken legal action to claim the easement in order for it to exist. Rather, as the trial court correctly held, if a previous owner establishes the elements of a prescriptive easement, it becomes appurtenant and is conveyed along with the property to subsequent titleholders. Defendants' focus on Goldner's status as a life estate holder is misplaced because plaintiffs established that the prescriptive easement vested in 2001, approximately 12 years before she retained a life estate in the subject property, and she validly conveyed the property to the subsequent property owners, i.e., the Goldner Trust and Franklin13.

Defendants also argue in their reply brief on appeal that "it is not clear that [Goldner] can demonstrate adverse use" because the alleged easement consists of a mutual driveway. The doctrine of "mutual use" has historically been applied where owners of adjoining lots share a driveway that is partially on both, if not all, parcels, such that all parcels are mutually burdened and benefited—in such cases, courts have generally found the use by the parties involved to be permissive rather than adverse. See, e.g., *Wilkinson v Hutzel*, 142 Mich 674, 675; 106 NW 207 (1906); *Worden v Assiff*, 317 Mich 436, 439; 27 NW2d 46 (1947); *Wasilewski v Kowal*, 320 Mich 473, 474; 31 NW2d 697 (1948); *Banach*, 330 Mich at 438.

Here, the evidence presented at trial was that the access parcel was entirely a part of defendant's property, not a mutual driveway. Further, plaintiffs presented evidence to the trial court in support of their claim that Goldner's use of the access parcel was adverse, not permissive. Defendants did not present evidence to the contrary; in fact, defendant's counsel, at the motion hearing, stated that Goldner "may very well have been able to" establish the elements of a prescriptive easement in 2001. Instead, defendants argued below that plaintiffs could not "tack on" to Goldner's use of the access parcel. In neither their motion for summary disposition nor their response to plaintiffs' motion did defendants argue that Goldner's use of the access parcel was permissive rather than adverse, much less base an argument on the "mutual driveway" theory. Defendants thus did not preserve this argument for appeal. See *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008). We need not consider arguments raised for the first time on appeal, see *Booth Newspapers, Inc v Univ of Mich Bd of Regents*, 444 Mich 211, 234; 507 NW2d 422 (1993), especially where, as here, defendants only present this argument on appeal by way of their reply brief. Reply briefs may contain only rebuttal argument, and raising an issue in a reply brief is not sufficient to properly present an issue for appeal. MCR 7.212(G);

*Bronson Methodist Hosp v Mich Assigned Claims Facility*, 298 Mich App 192, 199; 826 NW2d 197 (2012). We therefore decline to consider defendants' argument concerning the character of Goldner's use of the access parcel.

The trial court did not err by concluding that plaintiffs were entitled to a prescriptive easement or by granting summary disposition in favor of plaintiffs under MCR 2.116(C)(10).

Affirmed.

/s/ Brock A. Swartzle
/s/ Douglas B. Shapiro
/s/ Mark T. Boonstra