*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARY ANN LAMKIN and STEVEN LAMKIN,

   Plaintiffs-Appellants,

v

MARSHALL SMITH and BETSY SMITH,

   Defendants-Appellees.

UNPUBLISHED
November 18, 2025
12:05 PM

No. 370104
Livingston Circuit Court
LC No. 17-029314-CH

Before: GADOLA, C.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Defendants lived in Hamburg Township and used a private dirt road, Island Shore Drive, to travel east from M-36 to their home. While traveling to and from their home, defendants used the portion of Island Shore Drive that runs through plaintiffs' parcels of property. Plaintiffs brought claims against defendants to quiet title and for trespass, alleging that defendants' frequent travel over Island Shore Drive caused damage to the portion of the road that they own in fee simple. Defendants claimed that they had a prescriptive easement across plaintiffs' parcels, which permitted them to use Island Shore Drive. Plaintiffs now appeal by right the trial court's order and judgment that defendants have a prescriptive easement and plaintiffs have no causes of action. We affirm.

## I. BACKGROUND

Plaintiff Mary Ann Lamkin has been in a "decades-long struggle with her neighbors and elected officials in Hamburg Township, Livingston County, regarding the use of plaintiff's and her neighbor's properties." *Lamkin v Hamburg Twp Bd of Trustees*, unpublished per curiam opinion of the Court of Appeals, issued November 19, 2020 (Docket Nos. 347064 and 347744), p 2. In a case similar to the one at hand, plaintiffs sued some of their neighbors to the east, like defendants, that used Island Shore Drive; several judicial opinions in the case of *Lamkin v Hartmeier* provide more details of the historical background of this neighborhood. See *Lamkin v Hartmeier*, unpublished per curiam opinion of the Court of Appeals, issued September 1, 2016 (Docket No. 326986) (*Hartmeier I*), pp 1-2; *Lamkin v Hartmeier*, unpublished per curiam opinion of the Court of Appeals, issued September 17, 2019 (Docket No. 326986) (*Hartmeier II*), pp 2-3;

*Lamkin v Hartmeier*, unpublished per curiam opinion of the Court of Appeals, issued February 8, 2024 (Docket No. 326986) (*Hartmeier III*), p 2.

In this case, Richard and Patricia Goss, as trustees, sold their parcel on Island Shore Drive to defendants in 2017, after defendants paid off a 2015 land contract. When their family owned the parcel, the Gosses used Island Shore Drive to visit between two and eight times a year since at least the 1960s and would hunt, fish, and picnic on the land. When the Gosses sold the parcel to defendants, they intended the transfer to include access along Island Shore Drive. Before the sale, defendants had used Island Shore Drive and were familiar with the area. In addition, they were informed by the Gosses that they were to access the parcel via Island Shore Drive, the only way to access the property.

Accessing Island Shore Drive, defendants started residential construction on the property. In 2017, plaintiffs sued to quiet title and for trespass, alleging that defendants' frequent travel of construction equipment and vehicles caused significant damage to Island Shore Drive. Defendants responded that they and their predecessors-in-interest, the Gosses, had acquired a prescriptive easement to use Island Shore Drive as their only means of ingress and egress to the property. After many years and motions, including three motions to disqualify the trial judge who presided over this case, a bench trial occurred in 2023, with plaintiffs appearing in pro per.

Based on the evidence presented at trial, the trial court found that defendants established a prescriptive easement across plaintiffs' parcels on Island Shore Drive, allowing defendants and their invitees ingress and egress to the residence and for reasonable uses typically associated with a residential area. The trial court found that defendants were in privity with the Gosses based on parol statements made at the time of conveyance and defendants' awareness of the property and area. Further, the trial court found that defendants' and the Gosses's uses of Island Shore Drive met the requirements for a prescriptive easement: adverse and hostile because no express right and no permission to use Island Shore Drive, and continuous because defendants and the Gosses used the area as a private road in a residential neighborhood. The trial court determined the scope of the easement based on the historical use of Island Shore Drive and concluded that defendants did not exceed that use and did not overburden the easement. Plaintiffs' claims were dismissed with prejudice for failure to establish causes of action for quiet title and trespass.

## II. ANALYSIS

### A. PRESCRIPTIVE EASEMENT

On appeal, plaintiffs primarily argue that the trial court erred in finding that defendants have a prescriptive easement. "Actions to quiet title are equitable, and we review the trial court's holdings de novo." *Matthews v Natural Resource Dep't*, 288 Mich App 23, 35; 792 NW2d 40 (2010) (cleaned up). With respect to the trial court's findings of fact, however, we review those for clear error. *Id*. Similar to a prescriptive easement, a "party claiming adverse possession must show clear and cognet proof of possession that is actual, continuous, open, notorious, exclusive, hostile, and uninterrupted for the relevant statutory period" of 15 years. *Marlette Auto Wash, LLC v Van Dyke SC Properties, LLC*, 501 Mich 192, 201-202 (2018); MCL 600.5801. The elements for a prescriptive easement are the same elements for adverse possession, except that it does not have to be exclusive. *St Cecelia Society v Universal Car & Serv Co*, 213 Mich 569, 576; 182 NW 161 (1921).

For the 15-year statutory period, the party claiming the prescriptive easement may show their own use alone satisfies the elements for the statutory period. *Marlette*, 501 Mich at 203. They can also tack the possessory periods of their predecessors-in-interest to aggregate the 15-year period of prescription if the claimant can show privity of estate. *Id.* A third option is that "when a claimant can demonstrate that a predecessor-in-interest met the requirements for the establishment of a prescriptive easement, the vested easement transfers to subsequent property owners in the chain of title without the obligation to show privity of estate." *Id.* at 206.

Plaintiffs first argue that there was no privity of estate between defendants and the Gosses, and so, defendants cannot tack their possessory period onto the Gosses using the second option described above. Privity of estate can be established by a deed that includes a description of the disputed property, or by an actual transfer of the disputed property with parol statements made at the time of the conveyance. *Id.* Privity of estate can also be established if the parties understood that an easement was appurtenant to the land because the property owner was well-acquainted with the previous property owner and had visited the disputed property for many years before acquiring title. *Id.* at 203, citing *von Meding v Strahl*, 319 Mich 598, 615; 30 NW2d 363 (1948).

The trial court did not err in concluding that defendants established privity of estate. "Some other analogous circumstance might also give rise to an 'inescapable' conclusion that the seller and purchaser 'undoubtedly' intended an easement to be included in the conveyance, even in the absence of direct proof." *Hartmeier II*, unpub op at 6, citing *von Meding*, 319 Mich at 614-615; see also *Hartmeier III*, unpub op at 9-10. "A historic lack of alternative access is not irrelevant and can certainly be considered in conjunction with additional information or evidence." *Hartmeier II*, unpub op at 6 (cleaned up); *Hartmeier III*, unpub op at 10. In *Hartmeier*, the Court found the defendants established privity with their predecessors-in-interest when considering the current property owners' understanding that an easement was appurtenant to the land or the use of the road was being conveyed with the purchase, the previous property owners' intent to convey the right to use the road, and the historical lack of an alternative access to the property. *Hartmeier III*, unpub op at 10-11.

We have essentially the same set of facts here in relation to privity. Defendants and Gosses testified that they understood the use of the road to transfer with the purchase of the property, and they also have the same historical lack of an alternative access to the property. The trial court also found that the Gosses made parol statements at the time of conveyance showing that the transfer included the right to use Island Shore Drive and that defendants were well acquainted with the property when they purchased it. The trial court did not clearly err with these findings, and the court properly applied them to find that defendants were in privity with the Gosses and could tack onto their use.

Next, plaintiffs argue that defendants cannot tack onto the Gosses's use or acquire Gosses's vested prescriptive easement because the Gosses's use of Island Shore Drive did not meet the elements for a prescriptive easement. Plaintiffs claim that the Gosses's use of Island Shore Drive was permissive and therefore not adverse nor hostile. "Adverse or hostile use is use inconsistent with the right of the owner, without permission asked or given, use such as would entitle the owner to a cause of action against the intruder." *Mumrow v Riddle*, 67 Mich App 693, 698; 242 NW2d 489 (1976). "Defendant's use with plaintiff's permission of property that was acknowledged to belong to plaintiff could not, as a matter of law, entitle defendant to acquire property rights in the

west forty feet of the slip by either adverse possession, prescriptive easement, or acquiescence." *West Michigan Dock & Mkt Corp v Lakeland Investments*, 210 Mich App 505, 511, 512; 534 NW2d 212 (1995). When defendants or their predecessors-in-interest adversely use the property "in excess of the prescriptive period for a substantial period of time," the burden shifts to plaintiffs to show that the use was merely permissive. *Marlette*, 501 Mich at 206. The Gosses testified that they used Island Shore Drive since the 1960s, a substantial excess of the 15-year-statutory period, thereby shifting the burden to plaintiffs to show that the Gosses's use was permissive, rather than adverse.

Plaintiffs argue that defendants' and the Gosses's use was not hostile or adverse because of the mutuality of Island Shore Drive. Mutuality involves an "accommodation agreement between the parties for their mutual convenience," *Wilkinson v Hutzel*, 142 Mich 674, 676; 106 NW 207 (1906), or a "mutual use [that] was a convenience for all, and consented to," *Worden v Assiff*, 317 Mich 436, 439; 27 NW2d 46 (1947). Here, the trial court did not find that there was an agreement between plaintiffs and defendants or between plaintiffs and the Gosses. While the Gosses used Island Shore Drive, they did not acknowledge that a section of it belonged to plaintiffs; they had no idea that they needed plaintiffs' permission because they thought it was a road. It also was not a convenience for plaintiffs that others used Island Shore Drive. The trial court did not err in finding that defendants and their predecessors-in-interests' use of Island Shore Drive was hostile and adverse, that they "had no express, written right to use the area known as Island Shore Drive, and furthermore, that the use was not permissive."

For the continuous element, plaintiffs argue that the Gosses's infrequent trips to the property are insufficient for a prescriptive easement. Continuous use does not necessarily mean constant use, but a use that is consistent with the nature and character of the right claimed. *Dyer v Thurston*, 32 Mich App 341, 344; 188 NW2d 633 (1971). So, whether defendants or their predecessors-in-interests' use is continuous depends on the right claimed, i.e., the scope of the prescriptive easement. "The scope and extent of an easement is generally a question of fact that is reviewed for clear error on appeal." *Wiggins v City of Burton*, 291 Mich App 532, 550; 805 NW2d 517 (2011).

"A prescriptive easement is generally limited in scope by the manner in which it was acquired and the previous enjoyment." *Heydon v MediaOne*, 275 Mich App 267, 271; 739 NW2d 373 (2007). "As a general rule, one who has an easement by prescription has the privilege to do such acts as are necessary to make effective the enjoyment of the easement, unless the burden upon the servient tenement is thereby unreasonably increased." *Mumrow*, 67 Mich App at 699. "The scope of the privilege enjoyed by the owner of a prescriptive easement is determined largely by what is reasonable under the circumstances" because "there are no express 'terms' against which to measure the use." *Heydon*, 275 Mich App at 277 (cleaned up).

The trial court found that the use was continuous because defendants and their predecessors used Island Shore Drive in the nature and character of a private road for access, attendant uses typical of a residential neighborhood, and ancillary uses, such as for invitees. The trial court further found that the "evidence clearly and unequivocally shows that the scope of the easement has historically been for ingress and egress . . . , as well as for reasonable use related to or typically associated with a residential area." The trial court appears to have defined the scope of the

easement in relation to both the uses by defendants and their predecessors as well as the immediately surrounding neighborhood.

This was not clearly an error considering the Supreme Court's order in *Lamkin v Hartmeier*, 503 Mich 891; 919 NW2d 273 (2018). The Supreme Court directed the Court to reconsider the "scope of each easement based on the manner of use by which the easement was acquired and the manner of the previous enjoyment." *Id.* While the focus should be, as it was here, on the particular property owner's historic use, it is not irrelevant to consider the full context of the property and its use. The trial court noted that the property was in a residential neighborhood and that the road had been used for residential purposes for decades. The trial court did not clearly err in making these findings and did not err in concluding that the Gosses' and defendants' uses satisfied the elements for a prescriptive easement.

With that said, even if defendants established they have a prescriptive easement over Island Shore Drive, plaintiffs could still have a claim for trespass or nuisance if defendants exceeded the scope of the easement or overburdened the easement. "Activities by the owner of the dominant estate that go beyond the reasonable exercise of the use granted by the easement may constitute a trespass to the owner of the servient estate." *Schadewald v Brule*, 225 Mich App 26, 40; 570 NW2d 788 (1997). We review for clear error the trial court's ruling that the scope of an easement was not exceeded. *Morse v Colitti*, 317 Mich App 526, 540; 896 NW2d 15 (2016).

Plaintiffs maintain that frequent travel of heavy construction equipment, vehicles, and trailers over Island Shore Drive on their way to defendants' property caused significant damage. Plaintiffs only presented their own testimony that defendants' contractors were "ripping the living daylights" out of plaintiffs' property and pictures of construction trucks passing their house. Defendant Marshall testified that he was not aware of any damage that the contractors caused. Credibility of witnesses is for the trier of fact, not this Court on appeal. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). With scant evidence presented with respect to the scope of the burden, the trial court did not clearly err when finding that defendants did not exceed the easement's scope and did not overburden the easement. Therefore, the trial court did not err in dismissing plaintiffs' claims.

## B. JUDICIAL DISQUALIFICATION

Lastly, plaintiffs seek to disqualify the trial judge from hearing this case on remand. As already explained, there is no reversible error, and therefore there is nothing to remand. Moreover, we note that the trial judge has since retired from the bench, so plaintiffs' argument is moot in any event.

## III. CONCLUSION

Defendants have a prescriptive easement on Island Shore Drive that they can enjoy as found and outlined by the trial court. The trial court did not err in dismissing plaintiffs' claims

when, based on the evidence produced, defendants did not overburden or exceed the scope of their easement.

Affirmed.

/s/ Michael F. Gadola
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle